Harry Skerritt, J.
This case was tried December 7, 1949, and was held open at request of counsel for briefs and arguments until October 23, 1950. The plaintiff, a teacher in the Syracuse public schools, has brought this action against the board of education, a corporate body, to recover an alleged unpaid balance of her salary. While the amount claimed is only $30, this is a test case to determine the rights of many other teachers similarly situated.
Briefly, this is the plaintiff’s claim: She was entitled to a salary increase, from and after January 1, 1947, at the rate of $300 per year in addition to her salary as of June 30, 1945, and in addition to salary increments then or thereafter accruing. (Education Law, § 3105, subd. 2, formerly § 889-a, subd. 2; added by L. 1947, ch. 7, eff. Jan. 23, 1947; and by L. 1947, ch. 779, eff. July 1, 1947.) The defendant, regarding the salary year from January 1 to December 31 as a period of 10 months, excluding July and August, paid the plaintiff’s annual salary in 10 equal payments, one for each of the 10 months, with no payment for July or August. Consequently, for the period of six months from January 1 to June 30 in each year the plaintiff received six of these checks, or six tenths of her annual salary. She therefore should have received, for the six months from January 1 to June 30, 1947, six tenths of the $300 increase, or $180. But the increase was paid to the plaintiff in such manner *604 that she received only $150 thereof during said period of six months, leaving an alleged unpaid balance of $30 due on July 1, 1947.
The defendant does not admit all of these facts, and denies that there was any unpaid balance of the $300 increase due or owing to the plaintiff on July 1,1947, or at any time thereafter. Without seting forth the complicated facts claimed by the defendant, and assuming without deciding that the facts are as claimed by the plaintiff, the first question to be decided is the date on which the plaintiff’s claim accrued.
Before deciding that this was the obvious date of July 1,1947, due consideration has been given to the long period of negotiations for settlement between the parties and their legal representatives, and the question as to whether such negotiations operated to defer the accrual date of plaintiff’s alleged claim until the defendant’s final refusal to pay it, which refusal was less than three months before the plaintiff’s verified claim was filed. I am obliged to hold as a matter of law that this accrual date was July 1, 1947, the date on which the alleged claim became due; and that said date was not deferred or otherwise affected by said negotiations. (Civ. Prac. Act, § 15; 2 Carmody on New York Practice, § 451 et seq., and cases cited; 1 Wait on New York Practice [4th ed.], p. 72 et seq., and cases cited.)
Since the plaintiff’s claim accrued on July 1, 1947, and her written verified claim was not filed within three months thereafter, the defendant insists that said claim was absolutely barred at the expiration of said period of three months, and bases this defense squarely on section 3813 of the Education Law, and on the decision in Todd v. Board of Educ. (272 App. Div. 618, affd. 297 N. Y. 873).
Said section 3813 (subd. 1) provides that no action “ for any cause whatever ”, relating to a claim against a school district, or ‘‘ involving its rights or interests ’ ’, shall be maintained against any board of education unless a written verified claim was presented within three months after the claim accrued, and the officer having power to pay it has neglected to do so for 30 days after such presentment. It is admitted and cannot be disputed that this section applies to the City of Syracuse; and it seems to me that the language is plain and unequivocal.
The Todd case above cited was an action by 46 school teachers against the board of education of this city, relating to salary schedules, and to recover certain alleged arrears in salaries. The Appellate Division, Fourth Department, held that the action was barred by failure to file the verified claim required by the *605 above-mentioned section 3813 of the Education Law. The force of this decision is disclosed by an examination of the cases cited therein, including the opinion by Judge Cardozo in the case of Thomann v. City of Rochester (256 N. Y. 165).
In the instant case the resourceful brief filed by plaintiff’s counsel, attacking this Todd decision as unsound, has received careful attention and has stimulated research of my own. But the affirmance of this Todd case by the Court of Appeals (297 N. Y. 873, supra) with a memorandum clearly stating that the action was barred by plaintiff’s failure to file the verified claim within three months after it accrued, settles the question absolutely.
In our case, therefore, I am forced to the conclusion, by section 3813 of the Education Law as interpreted and applied by the Appellate Division and the Court of Appeals in the Todd case, that the plaintiff’s action is barred by the undisputed fact that her written verified claim was not filed within three months after the claim accrued.
Complaint dismissed. Judgment for defendant, with costs.