JOHN PASSAMANO, Respondent, v. JAMES BRUNO, Appellant.— All concur. (Appeal from a judgment for plaintiff in an action for damages for malicious prosecution.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP J. DOVICO, Appellant.— All concur. (Appeal from a judgment convicting defendant of the crime of criminally receiving stolen property.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ. [See *post,* p. 844.]

ELIZABETH E. THOMPSON, Appellant, v. BOARD OF EDUCATION OF THE CITY OF SYRACUSE, Respondent.— All concur. (Appeal from a judgment of Onondaga County Court, BREED, J., affirming a judgment of Syracuse Municipal Court, SKERRITT, J., dismissing plaintiff's complaint, in an action to recover an alleged unpaid balance of plaintiff's salary as a teacher in defendant's schools.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *post,* p. 844.]

MYRTLE MASON, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 29979.) All concur. (Appeal from a judgment for claimant on a claim for damages for personal injuries alleged to have been sustained by claimant by reason of the negligent condition of highway in State park.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

## (October 5, 1951.)

JOSEPH C. PARLATO et al., Doing Business under the Name of PARLATO REAL ESTATE, Respondents, v. ALBERT L. BRINKMAN et al., Doing Business under the Name of BRINKMAN BROS., Appellants.— Memorandum: The terms on which the seller listed the property for sale with the plaintiffs were not accepted by the proposed purchaser. The seller was not obliged to accept any different terms or to negotiate on any new terms. All concur, McCurn and Vaughan, JJ., in result only, in the following memorandum: The complaint and bill of particulars when read together do not show that the plaintiff produced a purchaser ready, willing, and able to buy on the defendants' terms. Obviously the listing set forth in the bill of particulars does not include the complete terms. Essential terms remained therefore for later determination. (See *Arnold* v. *Schmeidler,* 144 App. Div. 420; *House* v. *Hornburg,* 267 App. Div. 557.) (Appeal from an order denying defendants' motion to dismiss plaintiffs' complaint.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.