Mario Pittoni, J.
The defendant moves pursuant to rule 113 of the Buies of Civil Practice, for an order dismissing the complaint and awarding the defendant summary judgment.
The plaintiff alleges that certain asphalt was sold and delivered by the plaintiff to the defendant between April 19, 1955 and February 27,1956. The total amount demanded by the plaintiff is $11,909.50, for 54 separate sales, each of which was less than $1,000.
The defendant contends that the action cannot be sustained because (1) the sales were subject to the requirement of section 103 of the General Municipal Law and there was no public bidding; (2) the plaintiff did not comply with subdivision 3 of section 65 of the Town Law which requires a written verified claim filed with the town clerk within six months after the cause of action accrued; and (3) the sales were not made to an agent or servant of the defendant town.
As to the first contention, the plaintiff says that each purchase was below $1,000, and not subject to section 103 of the General *413 Municipal Law; and anyway, each of the 54 separate purchases was made in an emergency and thus within the exception of section 103. The various documents and affidavits submitted on this motion establish a triable issue in this respect. This is particularly true in respect to the emergency situations alleged and denied in affidavits submitted by the litigants.
The third issue raised by the defendant is also a triable one which requires the hearing of evidence and the examination of documents at a trial.
The second contention made by the defendant: that the plaintiff did not comply with subdivision 3 of section 65 of the Town Law in that the plaintiff failed to file a written verified claim with the town clerk within six months after the cause of action accrued, needs fuller analysis. The last asphalt delivery, whether it was pursuant to one or 54 contracts, was on February 27, 1956. The plaintiff filed its notice of claim with the town clerk on October 29,1956.
The statute involved, subdivision 3 of section 65 of the Town Law, reads as follows: “ 3. On and after the first day of September, nineteen hundred thirty-nine, no action shall be maintained against a town upon or arising out of a contract entered into by the town unless the same shall be commenced within eighteen months after the cause of action thereof shall have accrued, nor unless a written verified claim shall have been filed with the town cleric within six months after the cause of action shall have accrued, but no action shall be brought upon any such claim until forty days have elapsed after the filing of the claim in the office of the town clerk.” (Italics supplied.)
It is clear, therefore, that before the town could be sued, three requirements were to be fulfilled: (1) that the action be started within 18 months after the cause of action accrued; (2) that a written verified claim be filed with the town clerk within six months after the cause of action accrued; and (3) that no action be brought until 40 days after the filing of the verified claim. The first and third requirements clearly were fulfilled.. The second requirement is the subject of further discussion.
In this respect the plaintiff alleges that various statutes involved required the plaintiff to file verified claim forms approved by the town with delivery receipts signed by a town employee, with the town superintendent of highways, who, if he approved, would then file the verified claims with the town comptroller for audit before payment was made. ' In this respect, the plaintiff cites section 284 of the Highway Law and sections 34, 103 and 120 of the Town Law.
*414 The plaintiff also submits affidavits to show (1) that it has complied with the above-stated requirements, but that the town comptroller has failed and refused to audit plaintiff’s claims; that audit means to examine and either allow or reject the claims (Glendon v. City of New York, 250 App. Div. 556); (2) that diligent inquiry was made to the town to ascertain the status of the claims; (3) that the plaintiff demanded in writing that if the claims were not paid before October 1, 1956, suit would be commenced; and (4) that when the defendant still failed and refused to audit the claims, the causes of action on the contracts accrued on October 1,1956.
The “ jugular vein ” of this problem is: When did the cause or causes of action accrue — when the goods were delivered or on October 1,1956?
If the cause of action or actions accrued when the asphalt was delivered then the notice of claim herein was filed too late and the claim or claims are barred. The six-month period will have expired before the notice of claim herein was filed on October 29, 1956; and the town, having received the benefit of the asphalt, would be unjustly enriched in the value thereof without payment.
If the accrual occurred October 1, 1956, then the filing of the notice of claim, pursuant to subdivision 3 of section 65 of the Town Law, was in sufficient time and this case can be litigated on the merits.
What is meant by ‘ ‘ the cause of action shall have accrued ’ ’ ? It means “ To come into existence as an enforcible claim * * * as, a cause of action has accrued when the right to sue has become vested” (Webster’s New International Dictionary [2d ed.], unabridged).
In this case it cannot be said that the cause or causes of action accrued or the right to sue became vested until the purchaser wrongfully neglected or refused to pay for the goods (Personal Property Law, §§ 123,144). Generally, unless otherwise agreed, delivery of goods and duty to pay therefor are concurrent (Personal Property Law, § 123). However, in this case there was no duty to pay by the purchaser town until the town comptroller had audited the claims (Highway Law, § 284; Town Law, §§ 34, 103, 120). This, according to the plaintiff, the town has failed and refused to do. Then too, the seller may maintain an action for the price of the goods sold where the buyer wrongfully neglects or refuses to pay for the goods (Personal Property Law, § 144).
The cause or causes of action could not accrue on the date of delivery of the goods in this case. First, there was no duty on *415 the part of the town to pay until the payments were audited and allowed. This was not done by the town. Second, the plaintiff could not sue until the buyer town wrongfully neglected or refused to pay. Then the cause of action accrued.
The plaintiff has established on its affidavits in opposition to the motion that the cause of action accrued in this case on October 1,1956 (Edlux Constr. Corp. v. State of New York, 252 App. Div. 373, affd. 277 N. Y. 635) and that its filing of the notice of claim October 29, 1956 was timely under subdivision 3 of section 65 of the Town Law. The defendant town’s second contention too must fail.
The plaintiff’s countermotion is also denied.
This case should be tried on the evidence, on the issues and on the merits. Motions for summary judgment denied.
Settle order on notice.