JOHN KINNER, Doing Business under the Name of JOHN KINNER & ASSOCIATES, Respondent, *v.* BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1, TOWNS OF CAMILLUS, VAN BUREN, ONONDAGA, ELBRIDGE AND GEDDES, ONONDAGA COUNTY, Appellant.

Fourth Department, July 9, 1958.

*Victor Levine* for appellant.

*W. Earle Costello* for respondent.

GOLDMAN, J. This is an appeal from a denial of defendant's motion for judgment on the pleadings pursuant to section 476 of the Civil Practice Act, and rule 112 of the Rules of Civil Practice or in the alternative for summary judgment dismissing the complaint. The papers before the court at Special Term were the summons, complaint, answer, defendant's demand for

a bill of particulars, plaintiff's bill of particulars, defendant's affidavit in support of the motion and plaintiff's affidavit in opposition. The complaint alleges three causes of action growing out of an agreement between the parties whereby plaintiff was to perform certain work and furnish certain materials in connection with the construction of a high school in Camillus, New York.

The first cause of action alleges that in order to induce plaintiff to submit a bid on the proposed construction defendant board of education represented the wage rate, as set by the Industrial Commissioner, to be less than it actually was. That as a result of the higher wage rate then in effect, which true rate defendant knew or should have known, plaintiff incurred additional labor costs. That plaintiff's bid was based, in part, upon its reliance on defendant's statement of the wage rate and resulted in substantial damage to him. In his second cause of action plaintiff asserts that the contract between the parties required defendant to furnish temporary heat in the buildings under construction for the benefit of plaintiff and his employees; that by reason of defendant's failure to supply such heat, plaintiff was obliged to provide it for his employees and therefore should be reimbursed by defendant for this expense. The last cause of action alleges that during construction it became necessary for plaintiff to secure defendant's approval on changes in design, materials and additional work; that although approval was sought by prompt and proper applications, defendant failed to process such applications resulting in unduly tying up expensive equipment acquired by plaintiff on a rental basis thereby substantially increasing plaintiff's costs.

Plaintiff pleaded, and defendant denied, due compliance with section 3813 of the Education Law and section 50-e of the General Municipal Law. In addition, as an affirmative defense, defendant alleged failure of plaintiff to file a verified notice of claim in accordance with section 50-e of the General Municipal Law. This is the crux of this appeal and unless plaintiff has shown compliance with the notice requirements the complaint must be dismissed. The record clearly shows that section 3813 of the Education Law was not complied with as regards the first two causes of action. Insofar as pertinent, that section recites: (1) " No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or claim against the district, or involving its rights or interests shall be prosecuted or maintained against any school district, board of education * * * unless it shall

appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action * * * is founded was presented to the governing body of said district within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

That the plaintiff's notice of claim dated June 14, 1956 is fatally late is amply demonstrated by the bill of particulars which must, of course, be considered as a part of the pleadings under the circumstances presented here upon a motion under rule 112 (*Cohen* v. *Erdle,* 282 App. Div. 569). As stated in Carmody-Wait on New York Practice (vol. 4, § 8, p. 622): "Thus on a motion for judgment on the pleading, a bill of particulars must be read with the complaint, and will sustain a dismissal of the complaint where such a reading presents a variance inconsistent with the cause of action".

The bill of particulars categorically states that plaintiff " first learned of said increase in the said hourly rates * * * on or about August 22, 1953 ", or nearly three years before the verification of the notice of claim. As a result the first cause of action must be dismissed. The bill of particulars further states that plaintiff " furnished temporary heat during the months of November and December of 1954; and January of 1955 " or about a year and a half before the date of the notice of claim and therefore the second cause of action, too, must be dismissed. Giving the plaintiff the most favorable inferences from all of the facts both of the first two causes of action accrued, and the claims arose, long before the three months' notice period required by section 50-e of the General Municipal Law.

No facts have been presented by the plaintiff which except him from the rule laid down in *Thomann* v. *City of Rochester* (256 N. Y. 165). There the city opened a dump in 1924 which gave off noxious odors damaging plaintiff and his florist business. The city charter required claimants to file claims within 30 days of the accrual thereof stating the nature and extent of their damages " so far as it is then practicable " (p. 169). The plaintiff reasoned that the nuisance established by the city was a continuing and continuous one and that the 30-day limitation provision of the city charter was not enacted to cover such a situation. Judge Cardozo's opinion, which has become a landmark on this subject, pointed out that plaintiff

could have fully protected his rights by filing a notice of claim as required by the charter even though he did not know the full amount of his damage. The learned Judge might well have been writing about the case at bar when he said (p. 171):
"Opportunity there was — opportunity for the collection of the last dollar of the damage — if the plaintiff had not chosen to sleep upon his rights. He admits that the nuisance was apparent the moment that the dump was opened. Within thirty days thereafter he could have filed a single notice that would have covered all his damage, present or prospective, up to the commencement of the action if it was his purpose to sue at law  *  *  *  He was not required to state 'the nature and extent' of the damage with even approximate precision. The statute is explicit that he shall state them 'so far as it is then practicable.'"

The plaintiff's contention that the period within which to file notice of claim was extended by reason of the pending negotiations between the parties finds no support in the cases on this subject. *Rason Asphalt v. Town of Oyster Bay* (8 Misc 2d 411) and *Edlux Constr. Corp. v. State of New York* (252 App. Div. 373, affd. 277 N. Y. 635) cited by plaintiff, are completely distinguishable on their facts and properly granted relief to the plaintiff where the delay in the filing of the notice of claim was due entirely to the failure of the defendant to audit the claim. In such a situation, plaintiff had done everything possible to submit his claim in due time, but was frustrated in both cases by the action of the comptroller, and the claims were timely filed once the plaintiff was notified of audit and rejection. The instant case presents no similar circumstances. That this department has followed the reasoning of *Thomann v. City of Rochester* (256 N. Y. 165, *supra*) is demonstrated by two decisions where this court was required to bar school teachers from receiving salary increases by reason of late filing of claims (*Todd v. Board of Educ.*, 272 App. Div. 618, affd. 297 N. Y. 873; *Thompson v. Board of Educ.*, 11 Misc 2d 603, affd. 279 App. Div. 621). Unfortunate and regrettable as it may be to deny a party his day in court because of untimely filing of a notice of claim which is a condition precedent to the bringing of the action, this is not an area for judicial discretion. If the rule creates hardship the courts are powerless to relieve such hardship for the Legislature has definitely and clearly established the requirements of notice.

The situation with reference to the third cause of action is not as clear as the first two causes of action. There is nothing

in the complaint as amplified by the bill of particulars to show with any certainty when the acts of the defendant which gave rise to the delay took place. The bill of particulars sets forth " that it would be impossible to state exact periods of delay because integrating the various items and phases of the work to be done, delays in respect to one item or phase would necessarily effect the other work being carried on." However, the affidavit of the plaintiff in opposition to the motion, inferentially, gives one the impression that the delays which plaintiff claims caused his damage took place more than three months prior to the filing of the notice of claim. There plaintiff states that he received the final certificate of payment from the architect on February 23, 1956, but adds " However, such certificate was issued conditionally and was received by me conditionally." From the record before us the certification of the architect meant that for all intents and purposes the work was completed by late February, 1956 and, therefore, even this last cause of action would fall by reason of the failure to file the notice of claim within three months after execution of the architect's certificate. It may be that a portion of the claim asserted in this cause of action accrued less than three months before June 14, 1956. If plaintiff can demonstrate by repleading that such is the case he should have the opportunity to do so.

The order appealed from should be reversed and the motion for the judgment on the pleadings under rule 112 of the Rules of Civil Practice granted, with leave to the plaintiff to serve an amended complaint as to the third cause of action, if so advised.

All concur. Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

Order reversed, with $10 costs and disbursements, and motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice granted, with $10 costs, with leave to plaintiff to serve an amended complaint as to the third cause of action, if so advised, within 20 days after service of a copy of the order herein with notice of entry, upon payment of costs.