| |
|---|
| **Cassidy v New York City Tr. Auth.** |
| 2024 NY Slip Op 32415(U) |
| July 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160320/2022 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. DENISE M DOMINGUEZ</u>     PART     35

*Justice*

------------------------------------------------------------------------X

DAVID CASSIDY

                  Plaintiff

- v -

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN
TRANSIT AUTHORITY, DOE NYCTA EMPLOYEE, DOE
NYCTA EMPLOYEE

                  Defendants

------------------------------------------------------------------------X

INDEX NO.       160320/2022

MOTION SEQ. NO.       003

**DECISION AND ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for          <u>RENEW/REARGUE/RESETTLE/RECONSIDER</u> .

For the reasons that follow Plaintiff's motion to renew and reargue this Court's decision denying leave to file a late notice of claim is denied.

## *Background*

On December 5, 2021, at approximately 2:50 a.m. Plaintiff allegedly fell from the subway platform on to the subway tracks at the 50th Street and Broadway subway station in New York County and subsequently was struck by a train (NYSCEF Doc. 14).

Pursuant to General Municipal Law §50-e, when seeking to sue a public entity for a tort, the law requires that a notice of claim is served upon the public entity within ninety-day (90) days after the claim arises. Here Plaintiff had approximately until March 5, 2022, to serve a notice of claim. Further since March 5, 2022, was a Saturday, Plaintiff had approximately until Monday March 7, 2022 to timely serve it. Notably, a notice of claim is a condition precedent to commencing an action against a public entity (General Municipal Law §50-e).

Pursuant to General Municipal Law §50-e, when this timeline is missed, individuals with legitimate claims have the remedy to move for an extension of time to serve a late notice of claim within one year and ninety (90) days after the date the claim arose (General Municipal Law §50-e [5]; *Pierson v. City of New York*, 56 NY2d 950 [1992]). Here Plaintiff through counsel, rather than moving for an extension of time to serve a late notice of claim, instead without leave of court, on March 12, 2022 served a late notice of claim upon Defendants. By order of this this Court in Motion Seq. 2, that late notice of claim was deemed a nullity. Plaintiff then commenced this action on December 5, 2022 by filing a summons and notice (NYSCEF Doc. 1) and on March 5, 2023 on the eve of the expiration to file moved by notice of motion for an extension of time to serve (NYSCEF Doc. 11).

Following an initial appearance on September 13, 2023, this Court adjourned the motion and issued an interim order for Defendants to appear and for Plaintiff to summit additional evidence in support of the motion (NYSCEF Doc. 26). Plaintiff did not submit any such evidence.

Thus, the motion was decided solely on the evidence submitted that included an email thread dated March 12, 2022, a notice of claim, and a rejection letter from Defendants dated April 11, 2022. The motion was deprived of any affidavit from Plaintiff, nor any affidavit of a witness with personal knowledge of this incident.

Accordingly, by decision and order of this Court (NYSCEF Doc. 30), the motion was as denied as Plaintiff's counsel did not submit evidence for this Court to find that Plaintiff had a legitimate claim and that key factors enumerated in General Municipal Law §50-e[5] were met.

Plaintiff now moves by notice of motion to reargue and renew this Court decision.

**160320/2022  CASSIDY, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 003**                                                                                   **Page 2 of 4**

2 of 4

[* 2]

***Motion to Reargue***

Pursuant to CPLR 2221 a motion to reargue must be based solely upon fact or law allegedly overlooked or misapprehended by the court in deciding the prior motion but shall not include facts or evidence not offered on the prior motion (CPLR 2221[d][2]). Furthermore, reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided (*William P. Pahl Equip. Corp. v. Kassis*, 182 AD2d 22 [1st Dept 1992]).

Here, Plaintiff is not in compliance with CPLR 2221 as Plaintiff submits new evidence not included in the prior motion.

Furthermore, while this Court recognizes that an allegation that someone was struck by a subway train is alarming and empathizes with Plaintiff, that allegation alone is not sufficient to reasonably infer that Defendants committed a tort or that Plaintiff is automatically entitled to damages, in particular when Plaintiff has been represented by counsel since at least within 90 days from the date of the incident on December 5, 2021.

Notably, the proposed notice of claim previously submitted simply states that Plaintiff "fell off subway platform and was struck by train" (NYSCEF Doc. 14). It does not assert any specific claims against the Defendants, such as any claims sounding in negligence (NYSCEF Doc. 3). Furthermore, the copy of the New York City police aided report that was improperly submitted now states that Plaintiff "intentionally went down on the roadbed".

Accordingly, Plaintiff has not made a showing that based on the papers previously submitted this Court overlooked or misapprehended the facts or existing law.

***Motion to Renew***

Pursuant to CPLR 2221 a motion to renew must be based upon new facts not offered in the prior motion that when considered would change the prior determination and must contain

**160320/2022  CASSIDY, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**          **Page 3 of 4**
**Motion No. 003**

reasonable justification for the failure to present such facts on the prior motion (CPLR 2221). In addition, a renewal motion must be timely as an untimely renewal motion does not relate back to the date when the originally timely motion was made (*Matter of Rieara v. N.Y. Dept. of Parks & Recreation*, 156 AD2d 206 [1st Dept 1989]).

Upon review, Plaintiff's renewal motion it is untimely as it was filed after the one year and 90 days (*see e.g. Asaro v. City of New York*, 167 AD2d 130 [1st Dept 1990]; *Goffredo v. City of New York*, 33 AD3d 346 [1st Dept 2006]). Furthermore, even if decided on the merits it would be denied as Plaintiff has not made a showing with a valid excuse that new and additional evidence was not known or otherwise available to Plaintiff through counsel (*Foley v. Roche*, 68 AD2d 558 [1st Dept 1979]; *Phoenix Four, Inc. v. Albertini*, 245 AD2d 166 [1st Dept 1997]). The Court has also considered Plaintiff's supporting caselaw and finds it is not applicable here. According, the branch of Plaintiff's motion seeking renewal is denied.

It is hereby

ORDERED that Plaintiff's motion to reargue and renew pursuant to CPLR 2221 is denied in its entirety; and it is further

ORDERED that within 20 days from the entry of this order, Plaintiff shall serve a copy of this order with notice of entry upon all parties and the Clerk of the Court in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

| 7/12/2024 | | DENISE M DOMINGUEZ, J.S.C. |
|-----------|---|---------------------------|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|------------------|--------------------------|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

160320/2022   CASSIDY, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 4 of 4
Motion No. 003

4 of 4