GEORGE C. DIEHL, C. E., INC., Respondent, *v.* CITY OF LACKAWANNA, Appellant.

Fourth Department, October 7, 1931.

*Rudolph S. Weinstein* [*Charles Diebold, Jr., of* counsel], for the appellant.

*Merwin, Paul, Lesswing & Hickman* [*Wortley B. Paul* of counsel], for the respondent.

CROSBY, J. Plaintiff, a corporation engaged in civil engineering, was employed by defendant's mayor, on March 16, 1927, to make maps and specifications for a municipal sewer improvement. A few days thereafter the defendant's common council ratified the employment. Plaintiff did the work in a satisfactory manner, secured the approval of its plans by the State Health Department, and in December, 1927, filed the plans with defendant's city engineer. From the testimony of plaintiff's president it clearly appears that he understood that these plans were preliminary to a submission of the proposed improvement to the voters of the sewer district for their acceptance or rejection, and that the project would not proceed further without the approval of the taxpayers. On June 18, 1928, a taxpayers' meeting was duly held, and adjourned to July 17, 1928. The plaintiff's president attended the meeting, and the project was overwhelmingly, almost unanimously, defeated. That plaintiff regarded its services in the matter as ended clearly

appears from the testimony of plaintiff's president, and from plaintiff's letter of August 22, 1929 (Exhibit 5). It is perfectly clear that plaintiff supposed that its bill for services was due and payable long before its letter of August 22, 1929, for plaintiff's president testified that, before the letter was written, he sent an agent " on a dozen different occasions, to inquire regarding the payment of this account."

This action was not commenced until August 21, 1930, and more than one year after the cause of action accrued. Section 220 of the Lackawanna City Charter (Laws of 1909, chap. 574) provides as follows: " Limitation of actions against the city. * * * All actions brought against the city upon any contractual liability, expressed or implied, must be commenced within one year from the time that the cause of action accrued."

Plaintiff sought to show that its cause of action accrued within one year of the time the action was commenced by showing that, on November 29, 1929, plaintiff presented a verified claim or voucher for its services to the defendant's common council, which was thereafter audited and approved by the common council, within less than a year before the action was commenced. The trial court found: " That the plaintiff's cause of action accrued upon the auditing and approval of its claim by the defendant's Council on November 29th, 1929." With this we cannot agree. The cause of action accrued when it became due, when it came into existence as an enforcible claim. The audit of November 29, 1929, was, at most, an attempt by defendant's common council to waive the Statute of Limitations. But section 20, subdivision 5, of the General City Law (as added by Laws of 1913, chap. 247) forbids a city to waive the defense of the Statute of Limitations. (See *Matter of City of New York* [*Elm St.*], 239 N. Y. 220.)

Even before the statute was passed the Court of Appeals expressed doubt as to the power of a city's governing body to waive the protection of the Statute of Limitations. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198.)

The argument that the claim is a meritorious one cannot prevail against the plain mandate of the statute law. Relief, if any there can be, cannot be found in an action barred by the Statute of Limitations.

The judgment should be reversed and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.