In the Matter of the Application of GEORGE C. DIEHL, INC., Petitioner, for a Mandamus Order Directed to WALTER J. LOHR and Others, Constituting the Mayor, Board of Councilmen and Treasurer of the City of Lackawanna, Respondents.*

Supreme Court, Erie County, December 28, 1933.

*Worthley B. Paul*, for the petitioner.

*Rudolph S. Weinstein* [*Charles Diebold, Jr.*, of counsel], for the respondent Paul J. Tomaka.

*John W. O'Connor, Corporation Counsel*, for the respondents Mayor and Board of Councilmen of the City of Lackawanna.

LYTLE, J. This is an application by George C. Diehl, Inc., for a peremptory mandamus order requiring the respondents to pay the petitioner's claim of $15,000 and interest.

On March 24, 1927, the petitioner was employed to prepare plans and specifications for the new sewer district east of South Park avenue in the city of Lackawanna, N. Y. Said plans and specifications were prepared and were filed on the 18th day of June, 1928, with the city engineer of said city. Thereafter the city abandoned the project and the petitioner performed no further services in connection with its employment.

On November 29, 1929, petitioner presented a verified claim or voucher for its services, which was thereafter audited and approved by the common council of the city. The claim was not paid and the petitioner commenced an action on August 21, 1930, against the city to recover on its claim, in which judgment was

---
* Affd., 241 App. Div. 798.

rendered in favor of the petitioner, which was thereafter reversed by the Appellate Division and the reversal affirmed by the Court of Appeals.* The sole ground for the dismissal of said action was that the action was not commenced within one year from the time of the accrual of the cause of action. The limitation upon which the reversal was made is contained in section 220 of the charter of the city of Lackawanna, constituting chapter 574 of the Laws of 1909. It appears that the Court of Appeals affirmed the judgment of the Appellate Division, dismissing the petitioner's complaint, on the 18th day of February, 1932.

The within proceeding for a peremptory mandamus order is dated the 20th day of October, 1933, one year and eight months after the final disposition of petitioner's action to recover its claim in an action at law.

Section 220 of the charter of the city of Lackawanna provides: " Limitations of actions against city.— No action or proceeding to recover or enforce any claim, debt or demand against the city shall be brought until the expiration of thirty days after the claim, debt or demand shall have been presented to the common council for audit. All actions brought against the city upon any contractual liability, expressed or implied, must be commenced within one year from the time the cause of action accrued or if for injuries to person or property caused by negligence within one year from the time of receiving the injuries; and in other cases within six months after the refusal of the common council to allow the claim. No action or proceeding shall be maintained against the city for personal injuries unless notice in writing of the intention to claim damages," etc.

It is the petitioner's claim that said provision does not provide any limitation of time against bringing a mandamus proceeding for the payment of a claim against the city. The petitioner's cause of action for work, labor and services accrued on June 18, 1928. In the subsequent action at law it was determined that the action at law was not commenced within one year from that date.

The above charter provisions, section 220, must be construed as applicable to actions and proceedings for the purpose of enforcement of any claims against the city. Even if this were not so and there was no statutory limitation upon the right to mandamus, the courts have repeatedly held that an order of mandamus should not be granted after the period which operates as a bar to an action for the same injury or recovery has expired. In other words, that a proceeding of mandamus must be brought within the same time limited for the bringing of an action. (*People ex rel. Millard* v. *Chapin*, 104 N. Y. 96; *People ex rel. Best* v. *Preston*, 62 Hun, 185;

* 233 App. Div. 348; affd., 258 N. Y. 579.

affd., 131 N. Y. 644; *People ex rel. Sheridan v. French,* 31 Hun, 617; affd., 119 N. Y. 630; *People ex rel. Nelson v. Marsh,* 82 App. Div. 571.) There seems to be no statutory limitation upon the right to mandamus, but courts have frequently asserted that because of the similarity between this writ and that of certiorari the four-month limitation applicable to certiorari may be properly applied to mandamus. This reasoning does not lie in statutory limitations but rests upon the doctrine of laches.

Petitioner's delay in the bringing of this proceeding is not satisfactorily explained and, therefore, the application for an order of peremptory mandamus is denied.