## SECOND DEPARTMENT, OCTOBER, 1968

## (October 7, 1968)

■ AMITYVILLE DEVELOPMENT CORP., Appellant, v. TOWN OF BABYLON, Respondent.— Order of the Supreme Court, Suffolk County, dated February 20, 1968, which (1) denied plaintiff's motion to dismiss the separate defense in defendant's answer and (2) granted defendant's cross motion to dismiss the complaint, reversed, on the law, with $10 costs and disbursements; plaintiff's motion granted; and defendant's cross motion denied. No questions of fact were considered on this appeal. In our opinion the cause of action pleaded in the complaint accrued at the earliest on April 4, 1967, when the defendant town first refused to pay for one of the items claimed (cf. *Edlux Constr. Corp.* v. *State of New York*, 252 App. Div. 373, 374–375; *Rason Asphalt* v. *Town of Oyster Bay*, 8 Misc 2d 411, 414–415, mod. on other grounds 6 A D 2d 810). Consequently, the filing of the notice of claim with the Town Clerk on July 12, 1967 was timely under the statute (see Town Law, § 65, subd. 3). Beldock, P. J., Christ, Brennan, Munder and Martuscello, JJ., concur.

■ In the Matter of ANAK WINE & LIQUOR CO., INC., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY et al., Appellants.— In a proceeding under section 123 of the Alcoholic Beverage Control Law, the appeal is from an order of the Supreme Court, Kings County, dated April 20, 1967, which (a) annulled a determination of the appellant Authority approving the issuance of a package store license to appellant Murray Wine & Liquor, Inc., for certain premises; and (b) enjoined the issuance of such license and the operation of a package liquor store by appellant Murray Wine & Liquor, Inc., at said premises. Order reversed, on the law, with one bill of costs, payable jointly to appellants filing separate briefs; determination of the Authority confirmed; and proceeding dismissed. No questions of fact were considered on this appeal. In our opinion, the record discloses a rational basis for the Authority's determination that the license should be issued. Hence, the courts may not disturb it (see *Matter of Sinacore* v. *New York State Liq. Auth.*, 21 N Y 2d 379). Beldock, P. J., Christ, Rabin, Hopkins and Benjamin, JJ., concur. [53 Misc 2d 924.]