Per Curiam.

In view of the strong public policy in this State against payment by public bodies of claims barred by the Statute of Limitations (N. Y. Const., art. Ill, § 19; Court of Claims Act, § 12, subd. 2; General City Law, § 20, subd.. 5; Administrative Code of City of New York, § 93d-3.0; Matter of City of New York [ElmSt.], 239 N. Y. 220, 229; Matter of Huie [McElligott], 7 A D 2d 599; Matter of Long Is. R. R., 174 Misc. 1037, affd. 261 App. Div. 914), we find the acknowledgment of the debt by the city department after the Statute of Limitations had run to be an impermissible waiver of the Statute of Limitations (General City Law, supra; George C. Diehl, Inc. v. City of Lackawanna, 233 App. Div. 348, affd. 258 N. Y. 579). It was therefore error to deny the motion, except .as to the 1961 payment in regard to which the city concedes an issue exists.
Order, insofar as appealed from should be modified by dismissing so much of the complaint as seeks recovery for sums paid in the years 1956 to 1960, and, as modified, should be affirmed, with $10 costs to appellant.
Concur — Streit, J. P., Hofstadter and Gold, JJ.
Order modified, etc.