■ THELMA M. BACKUS et al., Respondents, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellants.—Order unanimously reversed, without costs, motion granted, and complaint dismissed. Memorandum: The sole question on appeal is whether plaintiff's complaint is governed by the six-year Statute of Limitations in CPLR 213 or the three-year period as contained in the certificate of insurance. Plaintiff, Thelma Backus, was employed by Nationwide Insurance Company of Syracuse from June, 1964 until November, 1970. In May, 1970 she went on sick leave and received sick leave benefits until they expired on November 20, 1970. Two days before her sick leave benefits expired, plaintiff informed Nationwide that she wished to apply for disability income benefits and she submitted a claim and affidavit for them in compliance with the general provisions of her certificate of insurance. Previously plaintiff's family doctor had indicated on four separate occasions that she might return to work. Plaintiff was examined by Nationwide's physician who advised her to attempt to return to work. She reapplied for work at Nationwide, but was refused. Plaintiff did work twice for periods of one week each for other companies. Based on this history Nationwide concluded that plaintiff was not entitled to disability income benefits. On April 1, 1975 plaintiff commenced an action seeking specific performance of the certificate of insurance as well as punitive and compensatory damages. Nationwide's answer pleaded as an affirmative defense that the action is barred by the time limitation in the certificate of insurance. Nationwide moved at Special Term pursuant to CPLR 3212 for an order dismissing plaintiff's complaint on the ground that the action was not commenced within the limitation period contained in the certificate of insurance. This appeal is from Special Term's denial of that motion. The legal proceedings paragraph in the certificate of insurance mirrors language in section 162 (subd 1, par [n]) of the Insurance Law which sets forth standard provisions that every certificate and policy issued thereunder must contain. While the statute provides that "no such action shall be brought at all unless brought within *two years* from the expiration of the time within which proof of loss is required by the policy", the legal proceedings paragraph of the certificate of insurance provides that an action may be brought within a three-year period. Clearly this three-year period is more favorable to the policyholder than the two-year period permitted by section 162 of the Insurance Law and, therefore, it is the one that should be held applicable (see Insurance Law, § 143, subd 3). While contracts which shorten the period

of limitations are permitted, they are viewed with caution by the courts and are construed strictly against the party invoking the shorter period (35 NY Jur, Limitations and Laches, § 5). In the instant case, however, we find that the provision is clear, unambiguous and leaves no room for judicial construction or interpretation *(Seifert, Hirshorn & Packman v Insurance Co. of North Amer.,* 36 AD2d 506). Further, since the statute permits a two-year limitations period (Insurance Law, § 162, subd 1, par [n]), it cannot be argued that a three-year period provided in the certificate of insurance here is unreasonable or violative of public policy. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.