■ MEMPHIS CONSTRUCTION, INC., Respondent, v VILLAGE OF MORAVIA, Appellant.—Order unanimously affirmed, with costs. Memorandum: Pursuant to a contract with the New York State Water Authority and the defendant village, plaintiff installed main sewer lines within the village. Construction was completed in 1971 and plaintiff was paid. In April, 1972, while lateral sewer lines were being installed by a third party, the main sewer line, for reasons yet undetermined, either broke or was damaged, and required immediate repair. At defendant's request plaintiff repaired the sewer line, completing the work on August 14, 1972, and thereafter submitted vouchers (work orders) to the defendant in the sum of approximately $7,000. Defendant received plaintiff's vouchers no later than December 26, 1972. Plaintiff commenced this action for payment on May 7, 1975. Defendant's answer alleges, *inter alia,* that plaintiff's action is barred by the Statute of Limitations (CPLR 9802) which provides in relevant part: "No action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued". Defendant moved for summary judgment dismissing the complaint. Special Term denied the motion upon its finding that the defendant was equitably estopped from raising the Statute of Limitations as a defense. In the circumstances of this case, it is unnecessary to reach the issue of equitable estoppel. We affirm on the ground that plaintiff's action is timely. Plaintiff's vouchers or work orders had never been audited and rejected prior to the institution of this action. Section 5-524 of the Village Law precludes the defendant from paying plaintiff's claims until they have been approved by the appropriate village officer. Plaintiff's cause of action did not accrue "until it possesse[d] the legal right to be paid and to enforce its right to payment in court" *(City of New York v State of New York,* 40 NY2d 659, 668; see, also, *Reuter v Town of Babylon,* 40 AD2d 710). This is not to say, however, that a municipality may forever frustrate potential causes simply by failing to audit submitted claims. The facts of every such case will determine whether there came a time when the claimant should have viewed his claim to have been constructively rejected, thus giving rise to the accrual of a cause of action *(City of New York v State of New York, supra,* p 668). Defendant argues that plaintiff's claim was constructively rejected on the tenth day following plaintiff's letter of August 29, 1973 which stated, in part: "Legal action is not our way of doing business but we may have no recourse if we do not have our check within ten (10) days." This letter was one of several which passed between the parties and/or their representatives between the time of the submission of plaintiff's claims and the date

the action was instituted. The entire correspondence, however, clearly demonstrates that not only did the defendant wholly fail affirmatively to reject the claims but, to the contrary, actively solicited the plaintiff not to proceed further pending the outcome of settlement negotiations which defendant was then engaged in with the insurance carrier of the third party who installed the lateral sewers. As late as January 17, 1975 defendant's attorney expressed agreement that plaintiff had been "more than patient" and assured plaintiff that if could "trust that the matter can be disposed of in the near future". Surely in such circumstances plaintiff acted reasonably in its effort to resolve its claims without resorting to legal action. Moreover, since plaintiff's right to enforce its claims is dependent upon the actual or constructive rejection thereof by the defendant, the fact that plaintiff should eventually view defendant's "long-continued inaction as equivalent to rejection does not mean that the party guilty of the inaction is equally free to take advantage of its own equivocation so as to bar the claim." *(City of New York v State of New York, supra,* pp 669-670.) In a letter of January 4, 1975 plaintiff's president informed defendant's attorney as follows: "I now say that we will commence an action against the Village of Moravia in 30 days from this date." Upon the expiration of that period without approval or payment, plaintiff's claims were constructively rejected and its cause of action accrued (see *City of New York v State of New York, supra,* p 689; *Georg Serv. Corp. v Town of Summit,* 28 AD2d 578; *Rason Asphalt v Town of Oyster Bay,* 8 Misc 2d 411, mod 6 AD2d 810). Thereafter, and well within the statutory period of limitation (CPLR 9802), plaintiff instituted this action. (Appeal from order of Cayuga Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.