■ A. J. CERASARO, INC., Appellant, v VILLAGE OF UNADILLA, Respondent. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered June 10, 1980 in Otsego County, which granted defendant's motion for judgment dismissing the complaint on the ground that the causes of action are barred by CPLR 9802. The dispositive issue on this appeal is whether any cause of action plaintiff may have against defendant for breach of contract arose more than one year prior to October 10, 1979, the date on which the action was commenced and a notice of claim was served. If so, plaintiff's action is time barred as found by Special Term (CPLR 9802). By letter dated March 10, 1978, plaintiff was advised by the New York State Environmental Facilities Corporation (EFC) that plaintiff was awarded the contract for the construction of a sewage treatment plant and sanitary sewer system for the Village of Unadilla. Construction was to commence March 24, 1978. By March 20, 1978 plaintiff had met all filing requirements, including the filing of performance bonds and labor and material bonds. EFC thereafter informed plaintiff by letter dated March 21, 1978 that litigation concerning the project had commenced and that the village was prevented by a temporary restraining order from expending any funds on the project. In May, 1978, plaintiff advised EFC that although it had consented to postpone briefly the date for commencing work on the project, it would not consider itself bound by its bid on the contract beyond May 31, 1978. By letter dated June 2, 1978, EFC advised the village that the village board should pass a resolution expressing its position on the future of the project "to minimize any liability on the part of the

Village". EFC sent a copy of this letter to plaintiff, noting that "EFC is still awaiting direction from the Village as to how they wish to proceed on this matter." Plaintiff's president attended a village board meeting on June 19, 1978 and requested that the board state its intent. Plaintiff was advised that a majority of the board now opposed the project, but no resolution was passed. The board finally resolved to terminate the project at its September 26, 1978 meeting. In response to plaintiff's inquiry regarding the effect of the village board's resolution, EFC advised plaintiff by letter dated October 12, 1978 that "there has been a delay in obtaining a clarification of the resolution" and that plaintiff's bonds would be released when authorized by the village. Plaintiff's performance bonds and material and labor bonds were returned by EFC on November 15, 1978. Preliminarily, we note that defendant's contentions that it never had a contract with plaintiff, that EFC was not its agent and that it was precluded from allowing plaintiff to proceed on the project by pending litigation present factual questions that cannot be resolved on this record. For the purposes of determining whether this action is time barred as a matter of law by CPLR 9802, we will accept the existence of a contract between plaintiff and defendant and an agency relationship between EFC and defendant. "In contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach" (Kassner & Co. v City of New York, 46 NY2d 544, 550). In this case, the breach for which plaintiff seeks damages is defendant's refusal to permit plaintiff to proceed with the project. Accordingly, the cause of action accrued when plaintiff unequivocally learned that defendant would not permit it to proceed with the project. Although plaintiff may have had grounds for a strong suspicion before September 26, 1978 that the project would not be constructed, there was no official action by the defendant village or EFC until the village board's resolution on that date. That the impact of the board's resolution on the project was not clear to the parties is apparent from EFC's letter to plaintiff stating that it was awaiting defendant's "clarification" of the resolution and authorization to release plaintiff's bonds. In our view, based upon the pleadings and papers submitted on this motion, it was not until plaintiff received its bonds back from EFC on November 15, 1978 that plaintiff unequivocally learned that defendant would not permit the project to proceed. Accordingly, at this juncture, we cannot say as a matter of law that the commencement of plaintiff's action on October 10, 1979, accompanied by the filing of the notice of claim on that date, was untimely. In conclusion, we note that plaintiff's claim of entitlement to proceed with the project was not constructively rejected on May 31, 1978, following its letter stating that it would not be bound by the contract past that date, since plaintiff's continued efforts after that date to obtain a definitive and official response from defendant and EFC evinced an intent to proceed with the project if the defendant so wished (cf. Memphis Constr. v Village of Moravia, 59 AD2d 646). For the reasons stated above, Special Term's order should be reversed and defendant's motion should be denied. Order reversed, on the law, with costs, and motion to dismiss complaint denied. Main, J. P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.