■ ARNELL CONSTRUCTION CORP., Respondent, v VILLAGE OF NORTH TARRY-TOWN, Appellant. — In an action to recover damages for breach of a construction contract, defendant appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 11, 1983, which denied its motion for summary judgment. ¶ Order reversed, on the law, without costs or

disbursements, motion granted, and complaint dismissed. ¶ On or about March 25, 1977, plaintiff Arnell Construction Corp. contracted to construct a pump station for defendant the Village of North Tarrytown. The project was to be completed in 365 consecutive calendar days and plaintiff was to be paid $472,000. The contract stated that when plaintiff completed its work it was to notify an engineer designated by the village. The engineer was to make an inspection, and defendant village would then notify plaintiff in writing if it accepted the project. ¶ On or about March 20, 1979, plaintiff informed the engineer that all work had been completed and that we "herewith request substantial completion acceptance". The engineer responded by letter dated March 27, 1979, which stated, in relevant part, that: "After a review of the progress of the work on March 20th with a representative of the Owner [village], it was agreed that the work has reached a point of substantial completion inasmuch as the facilities at the station are now available for continuous use by the Owner". ¶ On or about March 12, 1980, plaintiff wrote to the engineer and requested payment of the balance then owed by the village, $41,484.66. In response, the engineer wrote to plaintiff in a letter dated March 27, 1980 that: "I have spoken to the Owner regarding your final payment and have been requested to advise you to submit a final payment request (standard payment form and voucher)" for $23,759.66. Plaintiff did not submit the final payment request. On or about December 10, 1981, plaintiff wrote to the engineer asking for a final inspection and acceptance of the work. The engineer responded that another inspection was not necessary, as there had been no change in the project since March, 1979, when the project had been deemed to be substantially complete. Plaintiff then informed the engineer that his letter of March 27, 1980 had not constituted the final written notice of acceptance by the owner as contemplated in the contract. By letter dated March 4, 1982, plaintiff informed the engineer that it was now owed $323,584.53 and requested that the engineer submit its claim to the village. The engineer submitted plaintiff's claim for payment to the village on March 9, 1982. ¶ By resolution of the Mayor and board of trustees of defendant village, dated July 12, 1982, the village denied plaintiff's claim for $323,584.53, but approved, upon presentment of a proper claim, payment in the amount of $23,759.66 in full satisfaction of any indebtedness. On July 15, 1982, the village's attorney forwarded a copy of the resolution to plaintiff along with a letter inviting plaintiff to submit a new claim for $23,759.66. ¶ Plaintiff filed a written verified claim in the sum of $323,584.53 on or about July 26, 1982, and plaintiff served a summons and complaint on or about October 14, 1982, seeking judgment in that amount. Defendant alleged in its answer, *inter alia*, that plaintiff's claim was barred by the Statute of Limitations, and defendant thereafter moved for summary judgment dismissing the complaint upon that ground. We conclude that Special Term erred in denying this motion, as plaintiff's claim was untimely under the applicable Statute of Limitations. ¶ CPLR 9802 provides that any contract action against a village must be commenced within 18 months after its accrual, and that a written verified claim must be filed within one year after the cause of action accrued. CPLR 9802 further provides that the failure to present such claim or to commence such action within the respective periods of time shall constitute a bar to any claim. ¶ A claimant's cause of action accrues when the claimant should have viewed his claim as having been rejected (*Memphis Constr. v Village of Moravia,* 59 AD2d 646). The record indicates that all work on the project had been completed by the end of 1979, and the total amount owed to plaintiff was ascertainable at that time. Plaintiff requested a final payment of $41,484.66, and, in response, in a letter dated March 27, 1980, the engineer informed plaintiff that the village was willing to pay $23,759.66. Plaintiff

should have viewed its claim to have been rejected at that time since it was clear that plaintiff expected payment of an amount greater than that the village was willing to pay. Therefore, plaintiff's cause of action accrued on or about March 27, 1980 (*A. J. Cerasaro, Inc. v Village of Unadilla*, 82 AD2d 934; *Memphis Constr. v Village of Moravia, supra*). Since plaintiff did not file a written verified claim until July, 1982, and did not commence this action until October, 1982, its claim was barred by the Statute of Limitations and must be dismissed (CPLR 9802). Plaintiff argues that its claims cannot be considered to have been rejected on March 27, 1980, because the village had not strictly complied with the provision in the contract requiring it to personally notify plaintiff in writing that it had accepted the work. Plaintiff contends that the engineer's letter of March 27, 1979, which stated that the village had agreed that the project had reached a point of substantial completion, was not a sufficient acceptance under the contract. However, plaintiff's argument is unpersuasive in light of the fact that in March, 1980, plaintiff submitted a request for final payment to the engineer without making any request for a formal acceptance from the village. Thus, in March, 1980, plaintiff obviously deemed that the requirement of written notice of acceptance had been complied with, and plaintiff could not thereafter claim otherwise. ¶ Plaintiff's contention that the language of the village attorney's letter of July 15, 1982, operated to equitably estop the village from claiming that the action is barred by the Statute of Limitations is similarly unpersuasive. Since this letter was written over two years after accrual of the cause of action and over one year after expiration of the time to file a written verified claim, it cannot be said that plaintiff's failure to timely commence the action was caused by its reliance on the representations contained in the village attorney's letter (cf. *Planet Constr. Corp. v Board of Educ.*, 7 NY2d 381). ¶ Moreover, the resolution of the board of trustees and the letter of the village attorney did not constitute written acknowledgement of the debt for purposes of taking the action out of the operation of the Statute of Limitations (General Obligations Law, § 17-101). While the board of trustees was authorized to pay and compromise claims against the village, the board had no power to waive the defense of the Statute of Limitations (Village Law, § 4-412, subd 3, par [3]). Acknowledgement of a debt by a municipal corporation after the Statute of Limitations has run cannot be construed as a waiver of that defense (*George C. Diehl, Inc. v City of Lackawanna*, 233 App Div 348, affd 258 NY 579; *35 Park Ave. v City of New York*, 64 Misc 2d 418). Bracken, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.