■ In the Matter of the Arbitration Between ORISKANY CENTRAL SCHOOL DISTRICT, Respondent, and EDMUND J. BOOTH ARCHITECTS, A.I.A., Appellant, et al., Defendant. [615 NYS2d 160] —Order unanimously reversed on the law without costs, motion granted and demand for arbitration dismissed. Memorandum: In 1984 Edmund J. Booth Architects, A.I.A. (Booth) and Oriskany Central School District (School District) entered into a contract for Booth to provide architectural services in connection with the re-roofing of the School District's elementary and high schools. Diamond Roofing Corp. (Contractor) was the contractor selected for the re-roofing project. After the comple-

tion of the project, the roofs of both the elementary and high school buildings leaked and, according to the School District, there were other structural defects. On April 8, 1992, the School District commenced this action against Booth, alleging breach of contract and architectural malpractice. Booth's answer asserted as an affirmative defense that, under the parties' contract, arbitration was the exclusive remedy. Thereafter, Booth moved to compel arbitration and Supreme Court held that the arbitration clause in the contract was binding and stayed the action. The School District moved to reargue but, before that motion was heard, the School District on February 24, 1993, made a written demand for arbitration. Booth moved to dismiss the demand for arbitration on the ground that it was barred by the Statute of Limitations. The court erred in denying Booth's motion.

A cause of action for defective construction and design ordinarily accrues upon the actual physical completion of the work and is governed by the six-year Statute of Limitations *(Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 395). Where the parties' contract requires the architect to conduct inspections to determine the date of substantial or final completion of the work and to issue a final certificate, a cause of action against the architect would not accrue until the issuance of the certificate. "In such a case, the architect's duties do not end until the issuance of the certificate of completion" *(Williamsville Cent. School Dist. v Cannon Partnership,* 187 AD2d 1011, 1012). The parties may, however, provide in their contract when the period of limitations will commence, and such a provision will govern in the absence of duress, fraud or misrepresentation *(see,* CPLR 201; *Wayne Drilling & Blasting v Felix Indus.,* 129 AD2d 633; *Backus v Nationwide Mut. Ins. Co.,* 56 AD2d 724).

Here, the parties' contract provides that any cause of action shall be deemed to have accrued "not later than the relevant Date of Substantial Completion of the Work, and as to any acts or failures to act occurring after the relevant Date of Substantial Completion, not later than the date of issuance of the final Certificate for Payment". The parties' contract incorporates the definitions of terms that are contained in the contract between the School District and the Contractor, designated "General Conditions of the Contract for Construction" ("General Conditions"). Those General Conditions define the date of substantial completion of the work as "the Date certified by the Architect when construction is sufficiently

complete * * * so the Owner can occupy or utilize the Work or designated portion thereof for the use for which it is intended".

Booth certified that the project was complete and the buildings suitable for pupil occupancy on December 18, 1985, and the School District accepted the work as suitable for pupil occupancy on January 29, 1986. Under the parties' contract, therefore, plaintiff's causes of action accrued for purposes of the Statute of Limitations no later than January 29, 1986. Therefore, the School District's demand for arbitration, made more than six years thereafter, is untimely. This action is also untimely, not having been commenced until April 8, 1992. Thus, the School District's contention that CPLR 205 (a) tolled the Statute of Limitations is without merit (see, Kramer v Herrera, 188 AD2d 1038, 1039, appeal dismissed 81 NY2d 993; CPLR 205 [a]).

We reject the School District's contention that the cause of action did not accrue until Booth issued a Certificate of Substantial Completion. The provisions relating to Booth's issuance of a Certificate of Substantial Completion are contained only in the contract between the Contractor and the School District, and were solely intended to govern when the Contractor became entitled to final payment. As it happened, the School District made final payment without requiring a Certificate. The date of substantial completion as between the School District and Booth, however, is set forth in "ARTICLE 8" of their contract, and occurs when the School District can occupy or utilize the school buildings. That requirement was met when the School District accepted the buildings for pupil occupancy. (Appeal from Order of Supreme Court, Oneida County, Parker, J.—Arbitration.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.