■ TRISON CONTRACTING, INC., Appellant, v TOWN OF HUNTINGTON, Respondent. [642 NYS2d 53] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated August 25, 1993, as granted

the defendant's motion pursuant to CPLR 3211 and Town Law § 65 to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion to dismiss the complaint is denied.

The plaintiff entered into a written contract with the defendant pursuant to which the plaintiff agreed to repair certain sewers. Upon completing the work, the plaintiff demanded payment by letter and a claim voucher, both dated December 10, 1991. The defendant never responded to the plaintiff's demand. Consequently, the plaintiff filed a notice of claim pursuant to Town Law § 65 (3) on June 22, 1992.

The plaintiff's notice of claim was timely filed under Town Law § 65 (3). That section requires, *inter alia,* that a notice of claim be filed within six months after a cause of action accrues. A contractor's cause of action accrues when it should have viewed its claim as actually or constructively rejected (*see, Town of Saugerties v Employer's Ins.,* 743 F Supp 112; *Arnell Constr. Corp. v Village of N. Tarrytown,* 100 AD2d 562; *Memphis Constr. v Village of Moravia,* 59 AD2d 646; *see also, City of New York v State of New York,* 40 NY2d 659). We do not view the plaintiff's filing of its notice of claim on June 22, 1992, as untimely, as the plaintiff could reasonably have concluded that the defendant had not actually or constructively rejected its claim more than six months prior to this date.

The defendant's remaining contentions are without merit. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.