■ SCHACKER REAL ESTATE CORP., Respondent, v TOWN OF BABYLON et al., Appellants. [717 NYS2d 286] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), dated December 14, 1999, which granted the plaintiff's motion for leave to file an amended verified complaint pursuant to CPLR 3025, and denied their cross motion to dismiss the complaint on the ground that the plaintiff failed to file a timely notice of claim pursuant to Town Law § 65 (3).

Ordered that the order is affirmed, with costs.

Town Law § 65 (3) provides that an action against a town

arising out of a contract dispute must be commenced within 18 months of the date on which a cause of action accrued, and a written verified claim must be filed with the town clerk within six months of the date on which the cause of action accrued. Generally speaking, a plaintiff's cause of action accrues when he or she should have viewed the claim as actually or constructively rejected (*see, Trison Contr. v Town of Huntington,* 227 AD2d 397). Under the facts presented, the Supreme Court properly concluded that the defendants did not unambiguously reject the plaintiff's claim for payment until December 21, 1998. Accordingly, the verified notice of claim filed with the Town Clerk of Babylon in January 1999, was timely (*see,* Town Law § 65 [3]; *Trison Contr. v Town of Huntington, supra; Boeckmann & Assocs. v Board of Educ.,* 207 AD2d 773). Further, the Supreme Court providently exercised its discretion in granting the plaintiff leave to file a verified complaint which included an allegation of compliance with Town Law § 65 (3) (*see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757). Ritter, J. P., Altman, H. Miller and Smith, JJ., concur.