■ Town of Nassau, Respondent, v Westchester Fire Insurance Company, Appellant. [722 NYS2d 298] —Mugglin, J. Appeal from an order of the Supreme Court (Canfield, J.), entered December 10, 1999 in Rensselaer County, which granted plaintiff's motion to dismiss defendant's counterclaim and denied defendant's cross motion to compel discovery.

By summons and complaint dated March 22, 1993, plaintiff instituted this action against defendant, as the compensated surety, to compel the completion of construction of a salt/sand storage shed after the contractor had defaulted. Defendant fulfilled its responsibilities by completing the project and, on October 15, 1993, submitted a certificate for payment to plaintiff. On April 6, 1995, defendant again demanded payment and threatened legal action if payment was not received. The record is silent as to whether plaintiff responded in any

way to either of these communications from defendant. Thereafter, in April 1998 defendant again requested payment and this request was rejected in writing on June 9, 1998 by plaintiff's attorney. On October 13, 1998, defendant interposed its answer to the complaint wherein it asserted a counterclaim for the amount it alleged was due and defendant filed its verified notice of claim as required by Town Law § 65 (3). Asserting that defendant's claim was untimely, plaintiff moved for dismissal of the counterclaim and defendant cross-moved to compel discovery. Supreme Court granted plaintiff's motion and denied defendant's cross motion, prompting this appeal.

Town Law § 65 (3) requires, *inter alia*, that a notice of claim be filed within six months following the accrual of a cause of action. Where that cause of action seeks to compel payment for work, labor and services rendered under a contract, the cause of action accrues when the claim is actually or constructively rejected (*see, Town of Saugerties v Employers Ins.*, 743 F Supp 112; *Trison Contr. v Town of Huntington*, 227 AD2d 397, *lv dismissed* 88 NY2d 1018; *Hammond Lane Mechanicals v Village of Potsdam*, 119 AD2d 876; *Arnell Constr. Corp. v Village of N. Tarrytown*, 100 AD2d 562, *affd* 64 NY2d 916; *Memphis Constr. v Village of Moravia*, 59 AD2d 646). Since we do not view the service of the verified notice of claim on October 13, 1998 as timely, we affirm Supreme Court's order.

Defendant's asserted counterclaim accrued when it sent its demand for payment on October 15, 1993 since its damages were then ascertainable (*see, Matter of City School Dist. [Tougher Indus.]*, 173 AD2d 1051). Having received no response from plaintiff with respect to its invoice nor from its threat of litigation in April 1995, defendant should have reasonably concluded that plaintiff had constructively rejected its claim, and the filing of its notice of claim more than three years later is patently untimely. Next, we concur with Supreme Court's rejection of defendant's assertion that plaintiff should be estopped from raising the Statute of Limitations as a defense.

Finally, there is no merit to defendant's claim that Supreme Court prematurely dismissed the claim since discovery was not complete. Evidence concerning plaintiff's refusal to pay and any representations made by plaintiff concerning payment are not within the exclusive knowledge of plaintiff. Moreover, defendant has failed to demonstrate that its expectation of discovering any relevant and material evidence upon which to base an estoppel of the running of the Statute of Limitations is based upon anything other than hope and speculation (*see, De Vito v Silvernail*, 239 AD2d 824). In sum, defendant has failed

in its obligation to plead and prove timely service of a notice of claim, a condition precedent to the maintenance of its counterclaim (*see*, *Wa-Wa-Yanda, Inc. v Town of Islip*, 25 AD2d 762, *affd* 21 NY2d 1013).

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, without costs.