FOURTH DEPARTMENT, MAY, 2010

(May 7, 2010)

■ MICRO-LINK, LLC, Respondent-Appellant, v TOWN OF AMHERST, Appellant-Respondent. [900 NYS2d 578]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered October 29, 2008 in a breach of contract action. The order denied in part defendant's motion to dismiss the amended complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and reinstating the first and second causes of action in their entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking payment based on a performance contract pursuant to which plaintiff managed a wastewater treatment plant on defendant's

behalf. Defendant moved to dismiss the amended complaint on the grounds that plaintiff, inter alia, failed to file a timely notice of claim and that the action is time-barred. Supreme Court granted those parts of the motion seeking to dismiss the first cause of action, for breach of contract, and the second cause of action, for account stated, insofar as they are based on invoices submitted from February 2002 through December 2005 (hereafter, first category of claims). The court denied those parts of the motion seeking to dismiss the first and second causes of action insofar as they are based on invoices submitted from January 2006 through March 2006 (hereafter, second category of claims) and November 2006 through December 2006 (hereafter, third category of claims), as well as the third cause of action, for unjust enrichment. We note at the outset that defendant failed to raise any issues with respect to the court's denial of that part of its motion seeking to dismiss the third cause of action, and we therefore deem any such issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Contrary to defendant's contention, the court applied the appropriate standard in determining the accrual dates of the first and second causes of action pursuant to Town Law § 65 (3), which requires a notice of claim to be filed within six months of accrual and an action to be commenced within 18 months of accrual. Where a "cause of action seeks to compel payment for work, labor and services rendered under a contract, the cause of action accrues when the claim is actually or constructively rejected" (*Town of Nassau v Westchester Fire Ins. Co.*, 281 AD2d 803, 804 [2001]; *see Schacker Real Estate Corp. v Town of Babylon*, 278 AD2d 221 [2000], *lv dismissed* 96 NY2d 745 [2001]; *Trison Contr. v Town of Huntington*, 227 AD2d 397 [1996], *lv dismissed* 88 NY2d 1018 [1996]). We reject defendant's contention that CPLR 206 (a) should be read in conjunction with Town Law § 65 (3) to limit or alter that well-established principle.

Contrary to defendant's further contention, the Court of Appeals' decision in *C.S.A. Contr. Corp. v New York City School Constr. Auth.* (5 NY3d 189 [2005]) does not render the "actual or constructive rejection" no longer applicable. In that case, the Court of Appeals determined that the notice of claim was untimely because it was not submitted within three months of accrual of the plaintiff's claims pursuant to Public Authorities Law § 1744 (2) (*id.* at 192-193). The Court relied on *Matter of Board of Educ. of Enlarged Ogdensburg City School Dist. (Wager Constr. Corp.)* (37 NY2d 283, 290-291 [1975]), in which it determined that the claim of a contractor accrues when its dam-

ages are ascertainable, despite the fact that a cause of action has not yet accrued. The language of Public Authorities Law § 1744 (2), however, is substantially different from that of Town Law § 65 (3) and, inasmuch as the *Wager* doctrine has been generally disfavored by the courts and the Legislature, we decline to extend it here (*see C.S.A. Contr. Corp.*, 5 NY3d at 194-195 [Smith, J., concurring]).

Applying the "actual or constructive rejection" standard to determine the relevant accrual dates, we conclude that the court properly denied those parts of the motion seeking to dismiss the first and second causes of action insofar as they are based on the second and third categories of claims. Contrary to defendant's contention, the second and third categories of claims did not accrue as a matter of law in February 2006, when the contract expired and the Town Board passed a resolution authorizing the hiring of an accountant to determine whether overpayments had been made to plaintiff. That resolution did not place plaintiff on notice that its claims were being rejected and, indeed, we note that plaintiff alleged that defendant "specifically represented to [it] that if no problems were identified by the audit, [plaintiff] would be paid all outstanding amounts."

Defendant further contends, in the alternative, that the second and third categories of claims accrued as a matter of law on March 20, 2006, when the Town Board passed a second resolution prohibiting the Town Supervisor and Comptroller from paying any outstanding claims from plaintiff "until the Town Board makes a final decision and reviews all such claims that are to be made and have been made." We reject that contention. The terms of that resolution establish that the Town Board had not yet made a "final decision" whether to pay the claims, and thus it cannot be said that plaintiff's claims were thereby actually or constructively rejected. We therefore conclude that defendant failed to meet its burden of establishing that the notices of claim were untimely with respect to the second and third category of claims and that the first and second causes of action were time-barred insofar as they are based on those categories of claims (*see Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815 [2008]; *Matter of Edwards v Coughlin*, 191 AD2d 1044 [1993]).

We agree with plaintiff on its cross appeal, however, that the court erred in granting those parts of the motion seeking to dismiss the first and second causes of action insofar as they are based upon the first category of claims. According to plaintiff, defendant *did not* explicitly reject the first category of claims

and agreed to arbitrate them with the former Town Comptroller, who had previously resolved similar disputes between the parties. The court found plaintiff's allegations concerning arbitration "inherently incredible" because, inter alia, the former Town Comptroller had not been employed by defendant since 2003. The court thus determined that the first category of claims accrued when the contract expired in February 2006 inasmuch as "it was reasonable for plaintiff to conclude [at that time] that those claims had been actually or at least constructively rejected by [defendant]." In determining a motion to dismiss, however, the court is required to accept the facts as alleged in the complaint as true, and the plaintiff should be accorded the benefit of every possible favorable inference (*see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 570 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *190 Murray St. Assoc., LLC v City of Rochester*, 19 AD3d 1116 [2005]). Thus, we conclude that the court erred in determining that the notice of claim was untimely with respect to the first category of claims and that the first and second causes of action insofar as they are based on the first category of claims are time-barred. We therefore modify the order accordingly. Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.