# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

312

CA 12-01082

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

PUTRELO CONSTRUCTION COMPANY,
PLAINTIFF-APPELLANT,

V                                       MEMORANDUM AND ORDER

TOWN OF MARCY, DEFENDANT-RESPONDENT.
---------------------------------------
TOWN OF MARCY, THIRD-PARTY PLAINTIFF,

V

BONACCI ARCHITECTS, PLLC, SUCCESSOR
IN INTEREST TO FULIGNI-FRAGOLA
ARCHITECTS, PLLC, THIRD-PARTY
DEFENDANT-RESPONDENT.

---

SHEATS & BAILEY, PLLC, BREWERTON (JASON BAILEY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

FELT EVANS, LLP, CLINTON (ANTHONY G. HALLAK OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (JAMES G. STEVENS, JR., OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered March 21, 2012. The order granted the motion of third-party defendant for partial summary judgment dissmissing the second cause of action of plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for breach of contract in connection with its construction of a new town hall for defendant-third-party plaintiff (hereafter, defendant). Third-party defendant, the successor in interest to the architect who contracted with defendant, moved for partial summary judgment dismissing plaintiff's second cause of action, which sought delay damages. Defendant joined in that motion. Supreme Court properly granted the motion based on plaintiff's failure to file a notice of claim within the time limitations of Town Law § 65 (3). That statute requires a written verified claim to be filed "within six months after the cause of action shall have accrued" (*id.*). Plaintiff, relying on

*Micro-Link, LLC v Town of Amherst* (73 AD3d 1426, 1427), contends that
the second cause of action did not accrue until the claim for payment
of delay damages was actually or constructively rejected by defendant.
Plaintiff's reliance on *Micro-Link, LLC* is misplaced inasmuch as the
contract between plaintiff and defendant in this case provided for a
different date of accrual.  It is well settled that parties may
provide in their contract for a different date of accrual, "and such a
provision will govern in the absence of duress, fraud or
misrepresentation" (*Matter of Oriskany Cent. Sch. Dist. [Booth
Architects]*, 206 AD2d 896, 897, *affd* 85 NY2d 995; *see* CPLR 201).
Here, the contract provided that "[a]s to acts or failures to act
occurring prior to the relevant date of Substantial Completion, . . .
any alleged cause of action shall be deemed to have accrued in any and
all events not later than such date of Substantial Completion."  Thus,
pursuant to the contract, the second cause of action accrued on the
date of substantial completion, which was May 23, 2005.  Inasmuch as
the notice of claim was not filed within six months of that date, it
was untimely, and the court therefore properly granted the motion for
partial summary judgment dismissing the second cause of action (*see
Mohl v Town of Riverhead*, 62 AD3d 969, 970).

     Plaintiff contends that the contract provision setting the
accrual date does not apply because plaintiff's claims could not be
ascertained until the date of final completion.  That contention is
without merit because, pursuant to that contract provision, the
relevant inquiry is whether plaintiff's claim is based on "acts or
failures to act" prior to the relevant date of substantial completion,
not whether plaintiff could determine on that date the total amount of
damages it sustained.  The record establishes that the contract
accrual date applies because plaintiff's claim for delay damages under
the second cause of the action is based on "acts or failures to act
occurring prior to the relevant date of Substantial Completion."  We
reject plaintiff's further contention that the certificate of
substantial completion issued by third-party defendant is insufficient
under the contract because it was executed by third-party defendant
only, and not by plaintiff or defendant.  The contract provides that
the architect is to prepare the certificate of substantial completion
and submit it to the owner and contractor "for their written
acceptance of responsibilities assigned to them in such Certificate."
The contract, however, does not require the owner and contractor to
agree with the date of substantial completion set by the architect.
Moreover, plaintiff's own documents establish that the date of
substantial completion was no later than May 23, 2005.

     Finally, we reject plaintiff's remaining contentions that
defendant waived compliance with or is estopped from relying on Town
Law § 65 (3) (*see Mohl*, 62 AD3d at 970).  "A municipality may be
estopped from asserting that a claim was filed untimely when its
improper conduct induces reliance by a party who changes his position
to his detriment or prejudice" (*Wilson v City of Buffalo*, 298 AD2d
994, 995, *lv denied* 99 NY2d 505 [internal quotation marks omitted]).
Here, there is no evidence that defendant engaged in any improper
conduct dissuading plaintiff from serving a timely notice of claim

(*see generally id.*).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court