Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered March 21, 2012. The order granted the motion of third-party defendant for partial summary judgment dissmissing the second cause of action of plaintiffs complaint.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for breach of contract in connection with its construction of a new town hall for defendant/third-party plaintiff (hereafter, defendant). Third-party defendant, the successor in interest to the architect who contracted with defendant, moved for partial summary judgment dismissing plaintiffs second cause of action, which sought delay damages. Defendant joined in that motion. Supreme Court properly granted the motion based on plaintiffs failure to file a notice of claim within the time limitations of Town Law § 65 (3). That statute requires a written verified claim to be filed “within six months after the cause of action shall have accrued” (id.). Plaintiff, relying on Micro-Link, LLC v Town of Amherst (73 AD3d 1426, 1427 [2010]), contends that the second cause of action did not accrue until the claim for payment of delay damages was actually or constructively rejected by defendant. Plaintiffs reliance on Micro-Link, LLC is misplaced inasmuch as the contract between plaintiff and defendant in this case provided for a different date of accrual. It is well settled that parties may provide in their contract for a different date of accrual, “and such a provision will govern in the absence of duress, fraud or misrepresentation” (Matter of Oriskany Cent. School Dist. [Booth Architects], 206 AD2d 896, 897 [1994], affd 85 NY2d 995 [1995]; see CPLR 201). Here, the contract provided that “[a]s to acts or failures to act occurring prior to the relevant date of Substantial Completion, . . . any alleged cause of action shall be deemed to have accrued in any and all events not later than such date of Substantial Completion.” Thus, pursuant to the contract, the second cause of action accrued on the date of substantial completion, which was May 23, 2005. Inasmuch as the notice of claim was not filed within six months of that date, it was untimely, and the court therefore properly granted the motion for partial summary judgment dismissing the second cause of action (see Mohl v Town of Riverhead, 62 AD3d 969, 970 [2009]).
*1408 Plaintiff contends that the contract provision setting the accrual date does not apply because plaintiffs claims could not be ascertained until the date of final completion. That contention is without merit because, pursuant to that contract provision, the relevant inquiry is whether plaintiffs claim is based on “acts or failures to act” prior to the relevant date of substantial completion, not whether plaintiff could determine on that date the total amount of damages it sustained. The record establishes that the contract accrual date applies because plaintiffs claim for delay damages under the second cause of the action is based on “acts or failures to act occurring prior to the relevant date of Substantial Completion.” We reject plaintiffs further contention that the certificate of substantial completion issued by third-party defendant is insufficient under the contract because it was executed by third-party defendant only, and not by plaintiff or defendant. The contract provides that the architect is to prepare the certificate of substantial completion and submit it to the owner and contractor “for their written acceptance of responsibilities assigned to them in such Certificate.” The contract, however, does not require the owner and contractor to agree with the date of substantial completion set by the architect. Moreover, plaintiffs own documents establish that the date of substantial completion was no later than May 23, 2005.
Finally, we reject plaintiffs remaining contentions that defendant waived compliance with or is estopped from relying on Town Law § 65 (3) (see Mohl, 62 AD3d at 970). “A municipality may be estopped from asserting that a claim was filed untimely when its improper conduct induces reliance by a party who changes his position to his detriment or prejudice” (Wilson v City of Buffalo, 298 AD2d 994, 995 [2002], lv denied 99 NY2d 505 [2003] [internal quotation marks omitted]). Here, there is no evidence that defendant engaged in any improper conduct dissuading plaintiff from serving a timely notice of claim (see generally id.).
Present—Centra, J.E, Fahey, Carni, Sconiers and Martoche, JJ.