■ INFORM APPLICATIONS, INC., Respondent, v TOWN OF BROOKHAVEN, Appellant. [24 NYS3d 212]—

In an action to recover damages for breach of contract and on an account stated, the defendant appeals from an order of the Supreme Court, Suffolk County (Martin, J.), entered May 14, 2015, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to file a timely notice of claim pursuant to Town Law § 65 (3) and, thereupon, deemed the notice of claim timely filed nunc pro tunc pursuant to CPLR 2004, and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a software company, entered into a master software license and support agreement (hereinafter the agreement) with the defendant Town of Brookhaven whereby the

Town was granted a license to use the plaintiff's risk management software. Pursuant to section 8 of the agreement, fees due by the Town were to be paid within 60 days of receipt of the invoice. Further, section 12.1 (b) of the agreement provided that if the Town failed to pay any fee due, upon 30 days written notice, the plaintiff could terminate the agreement. The agreement would remain in force and the termination would not take effect if the Town paid the amount due prior to the expiration of the notice period.

In March 2012, the plaintiff sent the Town an invoice for payment of its annual fee due pursuant to the agreement. When the plaintiff did not receive payment from the Town, a series of emails were exchanged between the plaintiff's representatives and employees of the Town. The Town's employees assured the plaintiff that they were working on getting the invoice paid. After still not receiving payment, by letter dated February 21, 2013, the plaintiff sent the Town a notice of default, informing the Town that if payment was not received within 30 days, it would terminate the agreement.

The Town did not respond to the notice of default, and the plaintiff commenced this action to recover damages for breach of contract and on an account stated. The Town moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), arguing that since the plaintiff did not file a notice of claim within six months of the accrual of the claim pursuant to Town Law § 65 (3), the plaintiff was barred from pursuing its claim. In opposing the motion, the plaintiff argued that the earliest the claim was constructively rejected by the Town was March 23, 2013, and, thus, its notice of claim filed on September 20, 2013, was within the six-month time limit set forth in Town Law § 65 (3). The plaintiff also cross-moved for leave to amend the complaint to include allegations concerning the filing of its notice of claim. The Supreme Court denied the Town's motion and, thereupon, deemed the notice of claim timely filed nunc pro tunc, and granted the plaintiff's cross motion.

The Town appeals. We affirm the order appealed from, albeit on a different ground than that articulated by the Supreme Court.

Town Law § 65 (3) provides that "no action shall be maintained against a town upon or arising out of a contract entered into by the town . . . unless a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued." "A contractor's cause of action accrues when it should have viewed its claim as actually or constructively rejected" (*Trison Contr. v Town of Huntington,*

227 AD2d 397, 398 [1996]; *see Schacker Real Estate Corp. v Town of Babylon*, 278 AD2d 221, 222 [2000]; *Amityville Dev. Corp. v Town of Babylon*, 30 AD2d 962 [1968]; *see also Micro-Link, LLC v Town of Amherst*, 73 AD3d 1426, 1427 [2010]).

Here, the plaintiff's notice of claim was timely filed on September 20, 2013, within six months of the constructive rejection of its clam by the Town. The email correspondence between the plaintiff and the Town demonstrates that the Town did not give the plaintiff notice that it did not intend to pay the March 2012 invoice and, in fact, advised the plaintiff that the claim was being processed for payment. Therefore, the earliest that the plaintiff should have viewed the claim as constructively rejected was the date 30 days after the notice of default was sent to the Town, March 23, 2013, when, by that time, the Town had failed to remit payment to the plaintiff. Consequently, the plaintiff had until September 23, 2013, to timely file its notice of claim with the Town's clerk (*see Schacker Real Estate Corp. v Town of Babylon*, 278 AD2d at 222; *Trison Contr. v Town of Huntington*, 227 AD2d at 398). Accordingly, the Supreme Court properly denied the Town's motion to dismiss the complaint.

Since the notice of claim was timely filed, it was unnecessary to deem the notice of claim timely filed nunc pro tunc.

Moreover, the Supreme Court properly granted the plaintiff's cross motion for leave to amend the complaint to add allegations concerning the filing of its notice of claim. The proposed amendment was neither palpably insufficient nor patently devoid of merit (*see Covert v Wisla Corp.*, 130 AD3d 966, 967 [2015]; *Stein v Doukas*, 128 AD3d 803, 804 [2015]). Further, the contents of the amended complaint were of no surprise to the Town and would not cause it any undue prejudice (*see Covert v Wisla Corp.*, 130 AD3d at 967; *Stein v Doukas*, 128 AD3d at 804; *Schacker Real Estate Corp. v Town of Babylon*, 278 AD2d at 222). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.