Board of Educ. of Palmyra-Macedon Cent. Sch. Dist. v Flower City Glass Co., Inc. (2018 NY Slip Op 03056)





Board of Educ. of Palmyra-Macedon Cent. Sch. Dist. v Flower City Glass Co., Inc.


2018 NY Slip Op 03056


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.


1333 CA 17-00433

[*1]BOARD OF EDUCATION OF PALMYRA-MACEDON CENTRAL SCHOOL DISTRICT, PETITIONER-RESPONDENT,
v
FLOWER CITY GLASS CO., INC., FLOWER CITY GLASS ASSOCIATES, LLC, FLOWER CITY GLASS CO. OF NEW YORK, LLC, FLOWER CITY GLASS, RESPONDENTS-APPELLANTS, ET AL., RESPONDENT. (APPEAL NO. 1.) 






OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY P. DIPALMA OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NICOLE MARLOW-JONES OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Wayne County (Matthew A. Rosenbaum, J.), entered July 14, 2016. The order, insofar as appealed from, granted that part of petitioner's application seeking a determination that the summons and complaint filed on September 11, 2015 was timely pursuant to CPLR 204 (b). 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, and the application is denied in its entirety.
Memorandum: Petitioner-plaintiff, Board of Education of the Palmyra-Macedon Central School District (District), contracted with respondent-defendant Flower City Glass Co., Inc. (Flower City) to perform certain work on a school building. After the work had been completed, the District noticed that the wall panels installed pursuant to the contract were defective. Thus, the District served Flower City and respondents-defendants Flower City Glass Associates, LLC, Flower City Glass Co. of New York, LLC, and Flower City Glass (collectively, Flower City defendants) with a demand for arbitration. When the Flower City defendants refused to arbitrate, the District filed a summons and complaint on September 11, 2015 (complaint) against, inter alia, the Flower City defendants. The District also filed an application seeking to compel the Flower City defendants to arbitrate or, in the alternative, seeking a determination that the complaint was timely pursuant to CPLR 204 (b). In appeal No. 1, the Flower City defendants appeal from an order insofar as it granted the District's alternative relief. In determining that the complaint was timely, Supreme Court concluded that the District's demand for arbitration was timely and was not made in bad faith, and thus that the arbitration-related toll of CPLR 204 (b) applied.
In appeal No. 2, the Flower City defendants appeal from an order insofar as it denied their motion to dismiss with respect to the first cause of action, for breach of contract, against them.
With respect to appeal No. 1, we note that the Flower City defendants admitted service of the District's application to compel arbitration and the supporting papers. The Flower City defendants also did not object to the court's hearing and deciding the District's application, and they opposed the application on the merits. We therefore reject their contention that, because the complaint was not served within the 120 days provided for in CPLR 306-b, the court lacked jurisdiction to adjudicate the District's application.
We agree with the Flower City defendants, however, that the court's determinations that the demand for arbitration was not made in bad faith, and that the action was timely commenced pursuant to CPLR 204 (b), were improper advisory opinions (see Simon v Nortrax N.E., LLC, 44 AD3d 1027, 1027 [2d Dept 2007]). We therefore reverse the order in appeal No. 1 insofar as appealed from and deny the application in its entirety.
With respect to appeal No. 2, we conclude that the court properly denied that part of the Flower City defendants' motion to dismiss with respect to the first cause of action, and we therefore affirm. CPLR 204 (b) provides that "[w]here it shall have been determined that a party is not obligated to submit a claim to arbitration, the time which elapsed between the demand for arbitration and the final determination that there is no obligation to arbitrate is not a part of the time within which an action upon such claim must be commenced." The Flower City defendants contend that the demand for arbitration, served on September 30, 2014, was untimely because the claim for defects in material or labor accrued upon the completion of the physical work, which they unilaterally determined to be August 19, 2008. Thus, according to the Flower City defendants, the demand for arbitration was filed beyond the six-year statute of limitations (see CPLR 213 [2]; State of New York v Lundin, 60 NY2d 987, 989 [1983]). We reject that contention. The parties do not dispute that a cause of action for defective construction and design accrues upon actual physical completion of the work (see City Sch. Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535, 538 [1995]; Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389, 394 [1977]). Actual physical completion of the work is "when the contract in question was substantially completed" (Town of Poughkeepsie v Espie, 41 AD3d 701, 706 [2d Dept 2007], lv dismissed 9 NY3d 1003 [2007], lv denied 15 NY3d 715 [2010]; see New York Cent. Mut. Fire Ins. Co. v Glider Oil Co., Inc., 90 AD3d 1638, 1639 [4th Dept 2011]).
Additionally, "parties may . . . provide in their contract when the period of limitations will commence, and such a provision will govern in the absence of duress, fraud or misrepresentation" (Matter of Oriskany Cent. Sch. Dist. [Booth Architects], 206 AD2d 896, 897 [4th Dept 1994], affd 85 NY2d 995 [1995]). Here, the parties agreed in their contract that the determination of when the work was substantially completed would be determined by the project architect, who in this case issued a "Certificate of Substantial Completion" on October 1, 2008. Thus, the unilateral determination of the Flower City defendants of when the "physical work" was complete is irrelevant.
Furthermore, the contract provided that, "[a]s to acts or failures to act occurring prior to the relevant date of Substantial Completion, . . . any alleged cause of action shall be deemed to have accrued in any and all events not later than such date of Substantial Completion." Thus, pursuant to the contract, the parties agreed that substantial completion as determined by the project architect was the accrual event. We thus conclude that the breach of contract cause of action accrued on the date of substantial completion, which the architect determined to be October 1, 2008 (see Putrelo Constr. Co. v Town of Marcy, 105 AD3d 1406, 1407 [4th Dept 2013]).
We also reject the contention of the Flower City defendants that they met their burden of proof on their motion by establishing that the District made the demand for arbitration in bad faith (see Joseph Francese, Inc. v Enlarged City Sch. Dist. of Troy, 95 NY2d 59, 63 [2000]). We therefore conclude that the CPLR 204 (b) toll applied from the time the demand for arbitration was served, on September 30, 2014, until the final determination of nonarbitrability by the court on June 5, 2016. In addition, for the same reasons that the claim for arbitration did not accrue until the architect certified "Substantial Completion" of the work on October 1, 2008, we conclude that the breach of contract cause of action did not accrue until October 1, 2008. Applying the CPLR 204 (b) toll, we further conclude that the District timely commenced the breach of contract cause of action in appeal No. 2 on September 11, 2015.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court