■ Hammond Lane Mechanicals, Inc., Respondent, v Village of Potsdam, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered January 18, 1985 in St. Lawrence County, which denied defendant's motion to dismiss the complaint.

Plaintiff contracted to install heating, ventilation and air-conditioning equipment at a water treatment plant owned and operated by defendant. Plaintiff commenced this action alleging that wrongful delay by defendant caused it $225,000 in damages. Defendant moved to dismiss on the ground that the action was not timely commenced. Special Term denied the motion and this appeal ensued.

A contract action against a village must be commenced within 18 months after the cause of action accrues, and a written verified claim must be filed within one year after such accrual; the failure to comply with these provisions constitutes a bar to any claim (CPLR 9802). In circumstances such as those herein, it has been held that a claim accrues when the claimant should have viewed his claim as having been rejected *(Arnell Constr. Corp. v Village of N. Tarrytown,* 100 AD2d 562, 563, *affd* 64 NY2d 916). Here, plaintiff wrote to the project engineers on September 9, 1983 itemizing cost overruns due to circumstances beyond its control. The engineers responded by letter dated October 10, 1983 expressing their views regarding liability for the various items. It was at this point that plaintiff should have viewed certain of its claims as having been rejected, and at this point the cause of action accrued for the purposes of CPLR 9802. Since the notice of claim and

complaint were timely served after this time, Special Term properly denied defendant's motion to dismiss.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.