■ MORANO CONSTRUCTION CORPORATION, Appellant, v VILLAGE OF HIGHLAND FALLS, Respondent. [623 NYS2d 912] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 3, 1992, which granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for partial summary judgment.

Ordered that the order is affirmed, with costs.

On October 3, 1985, the defendant the Village of Highland Falls awarded a contract to the plaintiff Morano Construction Corp. (hereinafter Morano) in the amount of $1,345,350, for the construction of a 7,000 foot interceptor sewer connecting an existing sewage treatment plant to a new plant which was under construction by a different contractor. Thereafter, Morano requested that the Village provide a change order because, after it had commenced work on the project, Morano allegedly found that the rock could not be excavated in accordance with the method specified in the contract. By letter dated February 20, 1987, Morano informed the project engineer that an additional $952,077.50 would be required to be funded by the Village, in order for Morano to complete the contract. By letter dated March 10, 1987, Morano informed the Village that because Morano had been notified by the

project engineer at a meeting with the Village Mayor on February 20, 1987, that no change order would be issued, Morano would therefore be forced to stop work. In addition, by letter dated April 21, 1987, Morano set a deadline of May 1, 1987, for the Village to issue a change order or Morano would consider the contract abandoned. In response, by letter dated May 1, 1987, the Village rejected Morano's request for a change order.

Apparently, even after this correspondence, Morano did not consider the matter of the change order resolved; nevertheless, it continued to work on the project and substantially completed performance on or about April 30, 1988, and the Village paid Morano $1,244,326. The Village contended that the total amount due Morano amounted to $1,315,167, and that the Village was permitted to withhold $70,841 as security for Morano's one-year guaranty provided in the contract. Subsequently, Morano filed a written verified claim on or about April 4, 1992, with the Village Clerk, demanding $771,990, and commenced this action by service of a summons and complaint on or about June 10, 1992, alleging that it was still owed $881,800.90 plus interest for the additional work that it completed, as well as for the amount of money which had been held for security.

Contrary to Morano's contention, the written verified claim and the commencement of this action were both untimely under CPLR 9802. That section requires the written verified claim to be filed within one year, and the action to be commenced within 18 months, of the accrual of the cause of action. Here a cause of action accrued on or about May 1, 1987, as it related to the claim for additional work, when Morano should have viewed its requested change order as having been rejected by the Village. A second cause of action accrued on or about April 30, 1988, as it related to the balance which had been held as security, which is when Morano had a legal right to demand payment therefor (see, *Hammond Lane Mechs. v Village of Potsdam,* 119 AD2d 876; *Arnell Constr. Corp. v Village of N. Tarrytown,* 100 AD2d 562, 563, *affd* 64 NY2d 916; *cf., Matter of Prote Contr. Co. v Board of Educ.,* 198 AD2d 418, 420). Accordingly, the Supreme Court properly dismissed the complaint.

The parties' remaining contentions are either without merit or academic. Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur.