██ STATE OF NEW YORK, WORKERS' COMPENSATION BOARD, Respondent, v A & T HEALTHCARE, LLC, et al., Defendants, and ROME MEMORIAL HOSPITAL, INC., Appellant. (And a Third-Party Action.) [927 NYS2d 165]—

McCarthy, J. Appeal from an order of the Supreme Court (McDonough, J.), entered April 14, 2010 in Albany County, which denied a motion by defendant Rome Memorial Hospital, Inc. for partial summary judgment.

In 1997, several employers in the healthcare field created the New York Health Care Facilities Workers' Compensation Trust (hereinafter the Trust), a group self-insured trust designed to pay workers' compensation benefits to the members' employees. Defendant Rome Memorial Hospital, Inc. (hereinafter defendant) was a member of the Trust from 1999 to 2003. Beginning in 1999, the Trust began operating at a level where its liabilities exceeded its assets. As this deficiency persisted, plaintiff—which is required by law to oversee the Trust (*see* Workers' Compensation Law § 50 [3-a])—worked with the Trust to enact measures to close the shortfall. By 2006, after the gap had become increasingly larger, plaintiff terminated the Trust and assumed administration of its workers' compensation liabilities (*see* 12 NYCRR 317.20). Plaintiff then retained an accounting firm to perform a forensic audit of the Trust. Upon completion of the audit, plaintiff informed all former members of the Trust that

they were liable, jointly and severally and on a pro rata basis, for the shortfall of $31,350,780.\*

In June 2008, plaintiff commenced this action against all Trust members who failed or refused to pay their pro rata share. Defendant moved for partial summary judgment, asserting that the claims for all deficiencies known prior to June 2002 are barred by the statute of limitations. Supreme Court denied the motion. Defendant appeals.

Defendant did not establish as a matter of law that the statute of limitations bars plaintiff's claims. The statute of limitations for contract disputes is six years (*see* CPLR 213 [2]), but the question here is when the claims accrued. Defendant asserts that the Trust was aware at the end of each year that it was underfunded, and could have required its members to pay an assessment at that time. The Trust sent plaintiff financial reports each year, reflecting the underfunding, and plaintiff could have required the Trust to immediately levy assessments (*see* 12 NYCRR 317.9 [b] [7]). But neither the Trust documents nor the regulation required the Trust or plaintiff to levy an immediate assessment, instead permitting "such other action as may be appropriate in order to make up the deficiency" (12 NYCRR 317.9 [b] [7]). The regulation lists numerous options for plaintiff to use when addressing an underfunded group self-insured trust (*see* 12 NYCRR 317.9 [b]), and plaintiff tried many of the less severe options with the Trust prior to terminating it.

Both the Trust documents and relevant statute hold trust members jointly and severally liable, even after the members leave the trust, for trust liabilities incurred during their period of membership (*see* Workers' Compensation Law § 50 [3-a]; *Matter of Aides At Home, Inc. v State of N.Y. Workers' Compensation Bd.*, 76 AD3d 727, 728 [2010]). Although, as defendant noted, the Trust experienced deficiencies and could have levied an assessment each year that a deficiency existed, there was no obligation to do so. Such assessments may have been unneeded, because the other corrective measures undertaken may have alleviated the underfunding or the fluid nature of the Trust's financial situation may have corrected itself in succeeding years and rendered an assessment unnecessary.

Despite proof of underfunding each year, defendant's assertion that the amount of underfunding was known each year represents an oversimplification of workers' compensation benefits. Claims for benefits may be submitted up to two years after disablement (*see e.g.* Workers' Compensation Law § 45),

---

\* Defendant's pro rata share of liability was $798,663.

and the extent of the injury and costs of related benefits may remain unclear for years. Considering the continuing and open-ended nature of benefits and the complexity of this niche insurance area, the precise liabilities were not necessarily known at the end of each year. Accordingly, the Trust (or plaintiff on its behalf) complied with—or at least did not violate—the Trust documents and regulations by waiting to levy assessments until the amount of liability was determined by accountants and actuaries. Although the Trust was operating with deficiencies, the members themselves did not owe anything until an assessment was ordered or demanded. Defendant did not breach the contract by not paying extra amounts in 1999 through 2002, as assessments had not been levied in those years. It appears that no breach arose until defendant refused to pay the assessment levied in 2008. As plaintiff commenced this action within a few months of defendant's refusal, Supreme Court properly denied defendant's motion for partial summary judgment based upon the statute of limitations.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.