Fitzgerald Morris Baker Firth P.C. v Mayor of the Vil. of Hoosick Falls (2020 NY Slip Op 00459)





Fitzgerald Morris Baker Firth P.C. v Mayor of the Vil. of Hoosick Falls


2020 NY Slip Op 00459


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

528028

[*1]Fitzgerald Morris Baker Firth P.C., Appellant- Respondent,
v
Mayor of the Village of Hoosick Falls et al., Respondents- Appellants.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Bond, Schoeneck & King, PLLC, Albany (Stuart F. Klein of counsel), for appellant-respondent.
Gilchrist Tingley, PC, Troy (Jonathon B. Tingley of counsel), for respondents-appellants.



Reynolds Fitzgerald, J.
Cross appeals from an order of the Supreme Court (McGrath, J.), entered November 20, 2018 in Rensselaer County, which partially granted defendants' motion to dismiss the complaint.
Plaintiff provided legal services to defendant Village of Hoosick Falls related to perfluorooctanoic acid (hereinafter PFOA) contamination at the Village's water treatment plant. An engagement letter was signed by the Village's then-mayor on January 29, 2016, and defendant Board of Trustees of the Village passed a formal resolution retaining plaintiff on February 9, 2016. With respect to billing, the engagement letter provided that plaintiff "normally bill[s] on a monthly basis" and the Village "promised to make payment in full within 30 days." As part of its representation, plaintiff retained Behan Communications, a public relations and public affairs firm, which was to, among other things, monitor daily aspects of the media relating to reports of PFOA contamination and keep Village residents informed of developments concerning PFOA contamination.
Plaintiff did not bill on a monthly basis but, rather, submitted multiple invoices to the Village for its services on April 13, 18, 19 and 21, 2017. However, plaintiff alleges that, throughout the period of time over which it represented the Village, it regularly informed the Village of the services being undertaken on the Village's behalf, as well as the costs of those services. The Village terminated plaintiff's legal representation on April 25, 2017, and, on June 27, 2017, the Village advised plaintiff that it would not pay its legal fees. Plaintiff thereafter filed a notice of claim on November 20, 2017, which it amended on November 27, 2017. Plaintiff commenced this action on May 11, 2018, alleging causes of action for (1) breach of contract, (2) quantum meruit, (3) unjust enrichment, (4) account stated and (5) a declaratory judgment regarding the reasonableness of plaintiff's hourly rates. A sixth cause of action was thereafter asserted in an amended complaint seeking a declaratory judgment that the Village was responsible for payment of Behan's fees and expenses. Defendants moved, pre-answer, to dismiss the complaint on various grounds, including that the action was time-barred and that plaintiff lacked standing to seek relief for services allegedly rendered by Behan. Supreme Court partially granted defendants' motion by dismissing, on statute of limitations grounds, the first, second, third, fourth and fifth causes of action for services rendered prior to November 21, 2016 and by dismissing the sixth cause of action for lack of standing. Plaintiff appeals and defendants cross-appeal.
Plaintiff contends that Supreme Court erred in finding that the statute of limitations bars it from seeking recovery for all services rendered prior to November 21, 2016. We agree. CPLR 9802 provides that no action shall be maintained against a village upon or arising out of a contract unless the action shall be commenced within 18 months after the action shall have accrued and unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued. No other action shall be maintained against a village unless the same shall be commenced within one year after the action shall have accrued. An action for breach of contract accrues and the statute of limitations begins to run from the time of the breach (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]; Mercedes-Benz Fin. Servs. USA, LLC v Allstate Ins. Co., 162 AD3d 1183, 1184 [2018]). Thus, the question of when the breach occurred is pivotal. As a general principle, the breach occurs "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court" (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012] [internal quotation marks and citation omitted]).
In reaching its conclusion that the causes of action for breach of contract, quantum meruit, unjust enrichment and account stated (causes of action one through four, respectively) were time-barred as to any services prior to November 21, 2016, Supreme Court applied this general principle and concluded that, under the terms of the engagement letter, plaintiff had a right to demand payment as of April 9, 2016, making this the date of accrual. We disagree. The engagement letter did not compel plaintiff to bill the Village every 30 days, it only stated that plaintiff "normally" bills every 30 days; in this case, plaintiff did not. Moreover, the complaint alleges circumstances that make it clear that this was not a "normal" situation; both parties were aware that plaintiff was attempting to recoup legal fees from a settlement between the Village and companies involved in the PFOA contamination, and, in any case, defendants were kept abreast of the rising legal (and expert) fees on a nearly monthly basis. In addition, there are allegations that defendants were not only aware of the fees, but undertook affirmative actions to remit payment to plaintiff after the invoices were submitted.
The facts necessary for a cause of action for breach of contract necessarily include a breach. There was no breach of any sort on April 9, 2016, nor was there any reason for either party to believe that a breach had occurred. To conclude otherwise is to manufacture a breach in a contract between two parties which was, by all accounts, operating smoothly and according to the parties' expectations. In doing this, the essential notice given by the action causing the breach is removed.
In litigation involving claims against a village, a cause of action accrues when the claim is actively or constructively rejected (see Hammond Lane Mechanicals v Village of Potsdam, 119 AD2d 876, 876 [1986]; Arnell Constr. Corp. v Village of N. Tarrytown, 100 AD2d 562, 563 [1984], affd 64 NY2d 916 [1985]). At this point in the litigation, all that can be said is that the invoices seeking payment were actively rejected by the then-mayor's June 27, 2017 letter affirmatively stating that the Village would not pay plaintiff's fees. As to when or if plaintiff's requests for payment were rejected at an earlier point, the lack of discovery makes this impossible to know at this early stage of litigation.[FN1]
Other dates of accrual are more easily determined. Plaintiff's second cause of action is for quantum meruit. "As a practical matter, quantum meruit . . . can best be determined at the time of discharge" (Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 659 [1993]). The facts alleged are that plaintiff was discharged by defendants on April 25, 2017. Since this cause of action arises from a breach of contract, the 1½-year statute of limitations set forth in CPLR 9802 expired on October 25, 2018 and, thus, this cause of action is timely. The third cause of action is for unjust enrichment. "Under New York law, there is no identified statute of limitations period within which to bring a claim for unjust enrichment, but where, as here, the unjust enrichment and breach of contract claims are based upon the same facts and pleaded in the alternative," the breach of contract statute of limitations applies (Maya NY, LLC v Hagler, 106 AD3d 583, 585 [2013]; see Delaware County v Leatherstocking Healthcare, LLC, 110 AD3d 1211, 1213 [2013]). The fourth cause of action is for account stated, which accrues on the date of the last transaction in the account (see Elie Intl., Inc. v Macy's W. Inc., 106 AD3d 442, 443 [2013]). The date of the last transaction in the invoice was April 22, 2017. Once again, because this cause of action arises from a breach of contract, the 1½-year statute of limitations applies and, thus, this claim is timely.
As to plaintiff's fifth cause of action for declaratory judgment regarding the hourly rate for legal services, the statute of limitations is six years, or, if a specific limitations period is statutorily provided, "then that period limits the time for commencement of the declaratory judgment action" (Lakeview Outlets Inc. v Town of Malta, 166 AD3d 1445, 1447 [2018] [internal quotation marks and citations omitted). CPLR 9802 limits an action arising out of a contract to 18 months. Therefore, the fifth cause of action as to the terms of the contract is timely.
Plaintiff's sixth cause of action seeks a declaratory judgment that defendants are responsible to pay for Behan's services, which were rendered as part of plaintiff's representation. Supreme Court dismissed this cause of action on the ground that plaintiff lacked standing to bring it. Specifically, the court found that because plaintiff had not yet been compelled to pay for Behan's services, it had not suffered an actual, concrete injury. Defendants now contend that plaintiff's challenge in this regard has been rendered moot by a subsequent order of the court, dated June 17, 2017, granting plaintiff's motion to renew and amend the complaint based upon its later payment of Behan's fees. In this order, the court determined that plaintiff has standing to maintain the sixth cause of action, effectively reversing the appealed-from order in this regard and reviving said claim. As such, plaintiff's challenge regarding the dismissal of this cause of action is moot (see Matter of Direct Energy Servs., LLC v New York State Pub. Serv. Commn., 174 AD3d 1194, 1196 [2019]; Hyman v Pierce, 145 AD3d 1224, 1224-1225 [2016]).
On their cross appeal, defendants contend that Supreme Court erred in partially denying their motion to dismiss the forth cause of action for an account stated. Defendants allege that they timely and specifically disputed plaintiff's invoices and, thus, plaintiff has not and cannot state a cause of action. Plaintiff counters by alleging that the Village undertook numerous steps to pay the bill after presentation of the invoices and waited two months to dispute the account, using general terms. Supreme Court correctly determined that the affidavit, with attached letters, that defendants submitted could not be utilized on a motion seeking dismissal under CPLR 3211 (a) (1). The court further held that, as to that part of the motion seeking dismissal under CPLR 3211 (a) (7), the affidavit can only be received for a limited purpose and, in any case, would seldom warrant the relief that defendants seek, unless the affidavit conclusively establishes that plaintiff has no cause of action. This affidavit does not do so. Defendants are seeking a factual determination. "On a CPLR 3211 motion, a court should not resolve the merits of a claim by making factual determinations" (T. Lemme Mech., Inc. v Schalmont Cent. School Dist., 52 AD3d 1006, 1008 [2008], citing Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]).
Lynch, J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the causes of action for services provided prior to November 21, 2016; motion denied to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: However, plaintiff's complaint alleges that the Village was undertaking affirmative steps to remit payment of its fees as late as May 2017. Inasmuch as this is a motion to dismiss pursuant to CPLR 3211 (a) (5), this Court must "accept the facts as alleged in the complaint as true" (Faison v Lewis, 25 NY3d 220, 224 [2015] [internal quotation marks and citations omitted]).