Garry v Munro (2020 NY Slip Op 07437)





Garry v Munro


2020 NY Slip Op 07437


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

529389

[*1]Sean Garry et al., Respondents,
v
Michael Munro, Appellant.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ.


Law Office of T. Padric Moore, PLLC, Clifton Park (T. Padric Moore of counsel), for appellant.
Sciocchetti & Abbott, PLLC, Latham (Peter V. Coffey of counsel), for respondents.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Crowell, J.), entered May 21, 2019 in Saratoga County, which granted plaintiffs' motion for summary judgment.
On March 27, 2007, plaintiffs executed a combined note and mortgage in favor of defendant. The mortgage portion of the instrument secured two parcels of real property owned by plaintiffs — 136 and 142 Ruggles Road in the Town of Wilton, Saratoga County. The note and mortgage provided, in relevant part, that no interest was due on the note "if the entire principal balance [was] paid within 90 days from the date of the instrument"; however, after 90 days, interest would thereafter begin to accrue. With respect to payment, no monthly payments were due on the note; rather, the instrument provided that "[t]he entire principal balance will be payable within 90 days of the date of [the note and mortgage]." On November 30, 2007, plaintiffs transferred title to the property located at 136 Ruggles Road to defendant; however, plaintiffs never made any monetary payments on the note to defendant.
In November 2018, plaintiffs commenced this declaratory judgment action pursuant to RPAPL 1501 (4) seeking to cancel and discharge the mortgage upon the ground that the applicable statute of limitations for defendant to commence a mortgage foreclosure action had expired. Following joinder of issue, plaintiffs moved for summary judgment. Defendant opposed the motion, contending, among other things, that the statute of limitations for commencing a mortgage foreclosure action never started to run since the note and mortgage had not matured nor had the debt been accelerated. Supreme Court granted plaintiffs' summary judgment motion and canceled and discharged the mortgage, finding that the statute of limitations for defendant to commence an action to foreclose on the mortgage began to run on June 25, 2007 — the contractual date upon which he could first demand payment in full — and, as more than six years had passed since such time, he was time-barred from commencing a mortgage foreclosure action. Defendant appeals.
We affirm. As the party asserting that the applicable statute of limitations had expired, plaintiffs "bore the initial burden of establishing prima facie that the time to sue had expired, and thus [were] required to establish, among other things, when [defendant's] cause of action accrued" (Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1365 [2019] [internal quotation marks, ellipsis and citations omitted], lv denied 34 NY3d 908 [2020]). "As relevant here, the six-year statute of limitations applicable to a mortgage foreclosure action begins to run on the date on which the mortgagee is entitled to demand full payment of the loan" (McNeary v Charlebois, 169 AD3d 1295, 1296 [2019] [citations omitted]; see CPLR 213 [4]; Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770-771 [2012]; Saini v Cinelli Enters., 289 AD2d 770, 771 [2001], lv denied 98 NY2d 602 [2002]).
In support [*2]of their motion, plaintiffs submitted, among other things, a copy of the note and mortgage and the affidavit of plaintiff Sean Garry. Pursuant to the express terms of the note and mortgage, "[t]he entire principal balance" became payable 90 days after execution of the instrument or, as relevant here, June 25, 2007. According to Garry, other than plaintiffs' November 2007 conveyance of title to defendant of one of the two mortgaged parcels of real property, plaintiffs never made monetary payments to defendant following the execution of the note and mortgage. Plaintiffs thereafter commenced this action in November 2018 — well in excess of the six-year statute of limitations for defendant to commence a foreclosure action. Based on the foregoing, plaintiffs established their prima facie entitlement to summary judgment, "shifting the burden to defendant to raise a question of fact as to whether the statute of limitations had" expired (McNeary v Charlebois, 169 AD3d at 1296 [internal quotation marks, brackets and citation omitted]).
In opposition, defendant proffered, among other things, his own affidavit, contending that the statute of limitations never began to run as the note never matured and the debt was never accelerated. According to defendant, the term of the note was not three months but, instead, "for so long as it took for the [plaintiffs] to pay [him] back." Other than defendant's conclusory assertion to this effect, however, there is no language in the note and mortgage indicating that the parties intended for the term of repayment to extend in perpetuity. Rather, the express terms of the note and mortgage expressly provide that defendant had the right to demand payment in full 90 days after the note and mortgage was executed and, as such, the statute of limitations began to run as of that date, i.e., June 25, 2007. To countenance a contrary rule, as defendant argues, would permit him to unilaterally "extend the statute of limitations indefinitely by simply failing to make a demand" (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 771 [internal quotation marks and citation omitted]; accord Bank of Am., N.A. v Gulnick, 170 AD3d at 1366; see State of New York v City of Binghamton, 72 AD2d 870, 871-872 [1979]).
We reject defendant's alternative contention that the inclusion of a provision contemplating the accrual of interest in the event that plaintiffs failed to make full payment within 90 days of execution of the note and mortgage served to create a question of fact with respect to when the statute of limitations began to run, if ever. The mere fact that the parties agreed that interest would start to accrue on the loan 90 days after execution of the instrument does not negate the fact that, pursuant to the express terms of the note and mortgage, defendant was vested with the right to demand payment for the entire outstanding debt in the event that plaintiffs failed to make full payment within 90 days following [*3]execution of the note and mortgage. Accordingly, defendant failed to create a triable issue of fact. As the statute of limitations for defendant to commence a mortgage foreclosure action had expired, we find that Supreme Court appropriately granted plaintiffs' motion for summary judgment and properly canceled and discharged the mortgage (see CPLR 213 [4]; Scionti v Reid, 238 AD2d 496, 496-497 [1997]; Gower v Weinberg, 184 AD2d 844, 845 [1992]).
Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, with costs.