Contractors Compensation Trust v $49.99 Sewer Man, Inc. (2022 NY Slip Op 06050)

Contractors Compensation Trust v $49.99 Sewer Man, Inc.

2022 NY Slip Op 06050

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

534081
[*1]Contractors Compensation Trust, Respondent,
v
$49.99 Sewer Man, Inc., et al., Defendants, and Thos. H. Gannon and Sons, Inc., Appellant.

Calendar Date:September 8, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Hankin Sandman Palladino Weintrob & Bell, Atlantic City, New Jersey (John F. Palladino of counsel), for appellant.
E. Stewart Jones Hacker Murphy, LLP, Troy (Thomas J. Higgs of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from an order of the Supreme Court (Richard M. Platkin, J.) entered August 12, 2021 in Albany County, which, among other things, partially denied a motion by defendant Thos. H. Gannon and Sons, Inc. for summary judgment dismissing the complaint against it, and (2) from the order and judgment entered thereon.
Plaintiff is a group self-insured trust that was formed in 1999 to provide mandated workers' compensation coverage to employees of the trust's members (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). The trust is overseen by the Workers' Compensation Board (hereinafter WCB) (see Workers' Compensation Law § 50 [3-a]). Defendant Thos. H. Gannon & Sons, Inc. (hereinafter defendant) is a member of the trust. Effective December 31, 2008, plaintiff relinquished its operating license to the WCB and began operating in an inactive, runoff capacity to pay its open workers' compensation claims incurred during its active period. On November 14, 2013, after the WCB encouraged plaintiff to submit a deficit assessment billing plan,[FN1] the board of trustees approved a $30,000,000 deficit assessment. On December 12, 2013, plaintiff sent documents to all members of the trust seeking repayment of the deficit on a pro rata basis.[FN2] Plaintiff issued an invoice to each member setting forth two payment plan options with an operative date of March 3, 2014. The options included a lump sum payment due on this date, or installment payments with the payments beginning on this date.
On December 3, 2019, plaintiff commenced an action against defendant and other trust members who failed or refused to remit their pro rata payment. Following joinder of issue, defendant moved for summary judgment to dismiss the complaint as barred by the statute of limitations and for failure to state a cause of action.[FN3] Plaintiff then cross-moved for summary judgment. Supreme Court partially denied defendant's summary judgment motion as to the breach of contract cause of action, and granted plaintiff's cross motion for summary judgment.[FN4] In September 2021, Supreme Court entered an order and judgment against defendant. This appeal by defendant ensued and is limited to Supreme Court's partial denial of summary judgment on the breach of contract cause of action on statute of limitations grounds.
Relying on Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co. (18 NY3d 765, 771 [2012]), defendant argues that the cause of action accrued on November 13, 2013, the date the board of trustees approved the deficit assessment, contending that this was the earliest date plaintiff had the right to demand payment, and as such, the date the statute began to run. Thus, according to defendant, plaintiff's action — which was commenced on December 3, 2019 — is barred by the six-year statute of limitations governing contractual disputes. We disagree. The Hahn Automotive Warehouse, Inc. decision "clearly cabins its reasoning to the terms of the particular insurance contracts [*2]at issue in that dispute" (Liberty Mut. Fire Ins. Co. v Hamilton Ins. Co., 356 F Supp 3d 326, 335 [SD NY 2018]), and should be not be utilized to create an artificially early accrual date.
"The general rule applicable to contract actions is that a six-year statute of limitations begins to run when a contract is breached or when one party omits the performance of a contractual obligation" (Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 916 [3d Dept 2018] [internal quotation marks and citations omitted]; see Fitzgerald Morris Baker Firth P.C. v Mayor of the Vil. of Hoosick Falls, 179 AD3d 1361, 1362 [3d Dept 2020]). "As the party asserting that the applicable statute of limitations had expired, [defendant] bore the initial burden of establishing prima facie that the time to sue had expired, and thus [was] required to establish, among other things, when [plaintiff's] cause of action accrued" (Garry v Munro, 189 AD3d 1782, 1783 [3d Dept 2020] [internal quotation marks and citations omitted]).
The trust's contracts include the amended and restated trust agreement, the indemnity agreement and bylaws. Pursuant to the trust agreement, Article II, § 2.02, "[e]ach Participating Member shall contribute a proportionate share of funds to be held in trust for the payment of Workers' Compensation Insurance benefits." Paragraph 7 (a) of the indemnity agreement sets forth that "[t]he Member agrees to pay its Contributions for the initial Fund Year, and each fund year thereafter, in accordance with the payment plan approved by the Board of Trustees of the Trust" (emphasis added). Further, Paragraph 7 (b) of the indemnity agreement states that "[t]he Trust shall establish a Payment Plan. The Trust, acting through its Board of Trustees, reserves the right to amend the Payment Plan from time to time in its sole discretion, and the Member agrees to adhere, abide by, and conform to the provisions of the Payment Plan as the same may be amended." Article III, § 3.10 (a) of the bylaws states that "[a] Participating Member shall be deemed to be in default upon [the] . . . (ii) Failure by the Participating Member to timely make any Contribution or payment." The trust contracts, as mandated by the Workers' Compensation Law, establish that trust members are jointly and severally liable for trust liabilities incurred during their period of membership and that a member will not be relieved of liability except by payment in accordance with the payment plan (see Workers' Compensation Law § 50 [3-a] [3]; State of N.Y., Workers' Compensation Bd. v A & T Healthcare, LLC, 85 AD3d 1436, 1437 [3d Dept 2011]).
Defendant did not establish as a matter of law that the statute of limitations bars plaintiff's claim. Contrary to defendant's assertion, the deficit assessment did not trigger plaintiff's right to demand payment. Pursuant to the trust's contractual obligations, defendant was obligated to remit its pro rata contribution in accordance with one of the payment plans. Thus, there [*3]was no breach, and the action did not accrue, until defendant refused to pay its pro rata share in accordance with the payment plan's date of March 3, 2014. As plaintiff timely commenced the action, Supreme Court properly denied defendant's motion for summary judgment on the breach of contract cause of action (see Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263, 1266 [3d Dept 2018]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 104 [3d Dept 2017]; State of N.Y., Workers' Compensation Bd. v A & T Healthcare, LLC, 85 AD3d at 1438).
Lynch, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order and the order and judgment are affirmed, with costs.

Footnotes

Footnote 1: Group self-insurers are required to maintain sufficient trust assets within the fund to exceed claims and all other liabilities. When the assets do not exceed liabilities, "the group self-insurer may be required to immediately levy an assessment upon the group members . . . to make up the deficiency" (12 NYCRR 317.9 [b] [7]).

Footnote 2: The documents included written correspondence explaining the deficient assessment, a member assessment invoice, that member's pro rata deficit assessment calculation, payment option form and bank authorization for electronic funds transfer. The written correspondence also informed the members that per the agreements, they were all jointly and severally liable for the entire debt.

Footnote 3: The complaint against defendant consisted of three causes of action — breach of contract, account stated and quantum meruit.

Footnote 4: During the motion proceedings, plaintiff discontinued its cause of action for quantum meruit. By order entered August 12, 2021, Supreme Court dismissed the cause of action for quantum meruit and dismissed the account stated cause of action as duplicative of the breach of contract cause of action.